Filed Nov. 10, 1893.

————————◆————————

No. 1,135.

## Colton et al. *v.* Lewis et al.

Appellate Court Practice.—*Reversal of Judgment.—Special Verdict. —New Trial.—Question of Fact.—*The jury are the exclusive judges of all questions of fact; and where the trial court has overruled a motion for a new trial, one reason for which was that the verdict fails to find all the facts proven by the evidence, the appellate tribunal will not disturb that ruling unless it clearly and affirmatively appears from uncontradicted evidence that the facts established thereby, if stated in the special verdict, would have authorized a different judgment.

From the Warren Circuit Court.

*W. L. Rabourn,* for appellants.
*J. McCabe* and *E. F. McCabe,* for appellees.

Davis, J.—This suit was brought by the appellants, who alleged in their complaint, that on the 13th day of March, 1884, appellees, Lewis and wife, conveyed to them, by a deed containing covenants of general warranty, seven hundred and fifty-four acres of land in Lawrence county, in the State of Tennessee; that the covenant of seisin was broken in this, that at the time the deed was executed one Voss was in the adverse possession of a part of the tract so conveyed, holding the same by title para-

mount to that of the grantors; that the appellants had never obtained possession of the premises so adversely held, and that they had thereby sustained damages, for which they prayed judgment.

The record does not disclose that any answer was ever filed. The cause was submitted to a jury for trial, and a special verdict returned, on which judgment was rendered in favor of appellees.

The only error assigned is that the court erred in overruling appellants' motion for a new trial. The only reasons discussed are that the verdict is contrary to law, contrary to the evidence, not sustained by sufficient evidence, and that it fails to find all the facts proven by the evidence.

The evidence is, in some respects, conflicting, and in others it is indefinite and uncertain. For instance, as we understand it, the description of the seven hundred and fifty-four acres which appellees conveyed to appellants, begins: "Eight poles west from the northwest corner of entry No. 846, in the name of Abner Pillow, for thirty acres," and the deed to Voss, which is claimed to constitute a paramount title to one hundred and thirty-two acres, in the northwest corner of said first mentioned tract, has the following beginning: "A part of entry No. 786, in the name of Thomas M. Scott, for 612 acres, granted to said Scott and bounded as follows, to wit: Beginning at the southwest corner of said entry No. 786, thence," etc.

It is earnestly insisted, by counsel for appellees, that there is no "evidence in the record, that tends even remotely to establish the identity of the parcels described in appellees' deed to the Coltons and the deeds to Voss."

There is evidence in the record tending to show that appellees were, under claim of ownership, in the possession of seven hundred and fifty-four acres of land, which

they conveyed to appellants, also that by reason of the claim of ownership of said Voss, appellants did not acquire or hold possession of one hundred and thirty-two acres of land, but whether the description in the deed to Voss, on which this claim was based, included any part of the real estate described in the deed executed by appellants, does not clearly appear to us. The fact that there is ample evidence from which the trial court or jury might have drawn the inference that said 132 acres was a part of the real estate described in the deed to appellants, is not a sufficient reason to warrant this court in disturbing the conclusion reached by that court.

The special verdict is, it is true, indefinite and uncertain, but in this respect the verdict harmonizes with the evidence. *Shelbyville, etc., Turnpike Co.* v. *Green,* 99 Ind. 205.

The jury are the exclusive judges of all questions of fact. *Brazil etc., Coal Co.* v. *Hoodlet,* 129 Ind. 327.

The verdict also has the approval of the trial court. *Madison, etc., R. R. Co.* v. *Taffe,* 37 Ind. 361; *Winslow* v. *State,* 5 Ind. App. 306.

It is conceded, so far as this appeal is concerned, that appellants were not entitled to judgment on the verdict. The motion for a new trial presents the question as to whether appellants were entitled to recover on the evidence. Had the trial court been of the opinion that, on the evidence, appellants ought to recover, it would have been the duty of that court to sustain the motion for a new trial. The trial court having overruled the motion, this court will not disturb that ruling, unless it clearly and affirmatively appears from uncontradicted evidence, that the facts established thereby, if stated in the verdict, would have authorized a judgment in favor of appellants. In this case, the record, in the condition in which it comes before us, does not convince the court

that the jury erred in failing to find and return, in their verdict, sufficient material facts, under the issues, as would have sanctioned a judgment thereon in favor of appellants.

