Chittenden,
January,
1842.

By the Court. — The general practice in this court, in regard to this subject, is for the excepting party to open the argument. But as this court is required to render such a judgment, in all cases brought here upon exceptions from the county court, as that court should have rendered, and when the question is determined in the court below upon the pleadings, it would always be convenient to take up the case in this court the same as it was taken up in the court below. We are, therefore, inclined to establish that rule, in regard to this class of cases. The party demurring in the court below will open the argument in this court.

# GRAND ISLE COUNTY.

## January Term, 1842.

### Minkler v. The Estate of Minkler.

Where a case comes to this court on exceptions to the decision of the county court of questions of law, this court cannot entertain a motion for a new trial on the ground of new-discovered evidence.

This case came into this court on exceptions to the decision of the county court of questions of law arising upon the trial of an issue of fact in that suit without the intervention of a jury. The party, taking exceptions in the court below, now files his motion in this court for a new trial, on the ground of having discovered new and material evidence since the trial of the cause.

By the Court.—We cannot entertain that motion. In hearing this case we sit merely as a court of error, to revise the decision of the county court upon such questions of law as are reserved and sent here for revision. It is true that we

have power to grant new trials in causes tried in the county <span style="float:right"></span> court, but only upon petition. *Motions* for new trials are addressed always to the discretion of the court which tried the case, and can only be entertained while the cause is pending in that court. Such is the only reasonable construction which could be put upon the first section of the thirty-third chapter of the Revised Statutes.

***

### JOSEPH DURKEE *v.* PAUL MARSHALL.

In petitions for new trials of actions tried in the county court, it is not necessary that the petitioner should give security for costs to the adverse party, on issuing the citation, as is required on the issuing of writs of summons.

On a petition for a new trial, this court will not proceed to the hearing upon the merits until furnished with a properly authenticated copy of the minutes of the judge who tried the case in the county court, or evidence showing that such copy has been applied for and could not be obtained, in which case, only, will the court dispense with such copy and admit the affidavits of the attorneys, as to what passed at the trial.

THIS was a petition for a new trial in a cause tried in the county court. The petitionee pleaded in abatement the want of a recognizance for costs entered by the petitioner at the time of issuing the citation.

BY THE COURT.—There is no statute requiring such recognizance to be entered; and no such practice has ever obtained. The tenth section of the thirty-third chapter of the Revised Statutes has reference only to that class of petitions named in the ninth section. We cannot consider the citation in this case a writ of summons within the terms of the fifth section of the twenty-eighth chapter of the Revised Statutes. The plea in abatement, therefore, must be overruled.

The court held also in this case, that they could not proceed to the hearing of the case upon its merits, unless furnished with a properly authenticated copy of the minutes of the judge who tried the case in the county court, or evidence showing that such copy had been applied for and could not be obtained, in which case only would the court dispense with the copy of the minutes, and take the affidavit of the attorneys as to what passed at the trial.