# ADDISON COUNTY.

## JANUARY TERM, 1842.

### CHARLES & RILEY ADAMS *v.* SOLOMON HOWARD.

When a judgment has been rendered against a party, in the county court, by default, this court cannot, on petition, grant *a trial* in the action.

THIS was a petition for a trial or hearing in a cause where judgment had been rendered against the petitioner in the county court by default.

BY THE COURT.—This court would have no jurisdiction to grant new trials in any case tried in the county court, if it were not conferred by statute, as, at common law, all applications for new trials, or for a trial in cases where judgment had been rendered by default, must have been made to the court wherein the cause had been determined. By statute, this court is empowered to " grant a new trial in any cause determined by the county court," &c. This provision is much in the same terms as the statute in force before the late revision. Under that statute it was considered that the county court had exclusive cognizance of cases like the present. *Scott* v. *Stewart,* 5 Vt. R. 57. It was there considered by this court, that the term " new trial," as used in the statute, was technical, and was predicable only of such cases as had been tried on their merits. The application in this case is for a trial, (not a new trial,) and can only be entertained by the county court. The statute giving power to the supreme court to grant " new trials" obviously does not extend to a case like the present, where the cause had never been tried.

Petition dismissed with costs.