## SLUSSER v. PALIN, TRUSTEE.

[No. 5,523. Filed April 21, 1905.]

1. APPEAL AND ERROR.—*Record.*—*Precipe.*—Where no authority for including the transcript of a prior cause is contained in the record, such part of the record can not be considered. p. 338.
2. SAME.—*Appealing Prior and Subsequent Causes Together.*—*Vacation Appeal.*—*Notice.*—Where a prior and subsequent cause are appealed together and the appeal as to the prior cause is a vacation appeal, notice of such appeal is necessary in order that any question can be presented therein. p. 339.
3. PLEADING.—*Treatment by Parties.*—Though a complaint for a new trial was apparently treated as a motion in a prior cause, such fact can not destroy its character as an independent proceeding. p. 339.
4. STATUTES.— *Construction.*— *New Trial.*— *Procedure.*— An application for a new trial under §572 Burns 1901, §563 R. S. 1881, providing for the granting of a new trial on account of causes discovered after the term at which judgment was rendered, is an independent action, and issues and trial should be had thereon as in ordinary cases. p. 339.
5. NEW TRIAL.—*Causes For.*—*Fraud Discovered After Term.*—Fraud discovered after the term at which judgment was rendered is a good cause for a new trial under §572 Burns 1901, §563 R. S. 1881, providing for a new trial where causes therefor are discovered after the term at which judgment was rendered. p. 340.
6. APPEAL AND ERROR.—*New Trial.*—*Evidence.*—Errors based upon the evidence in an action for a new trial under §572 Burns 1901, §563 R. S. 1881, can not be considered when the evidence is not brought into the record. p. 340.

From Fountain Circuit Court; *Will Isham,* Special Judge.

Complaint for a new trial by Eva C. Slusser in an action wherein Charles C. Palin as trustee of Richland Civil

Township was plaintiff and Eva C. Slusser and others were defendants. From a judgment against her, she appeals. *Affirmed.*

*John E. Westfall,* for appellant.
*O. P. Lewis,* for appellee.

MYERS, J.—The record in this case shows that on September 14, 1903, the same being the thirteenth judicial day of the August term, 1903, of the Fountain Circuit Court, an action was therein pending by Charles C. Palin, as trustee of Richland civil township, against Eva C. Slusser, John K. Slusser and Charles W. Foxworthy (cause No. 258); that on said day this cause was finally determined and judgment rendered in favor of plaintiff and against the defendants, the substance of the judgment being that defendants were maintaining fences in and upon a public highway, which were adjudged to be a nuisance; and defendants were by said judgment commanded to remove the same without delay, and each of them was forever perpetually enjoined from erecting or maintaining any fence or other structure within fifteen feet of the center line of said highway. No objections or exceptions were made or taken by any of the defendants to this action of the court.

It further appears that on November 16, 1903, the same being the first judicial day of the November term, 1903, of said court, this appellant (defendant below) filed in said court a paper designated by her as a "motion to dissolve injunction," with the same caption as to party plaintiff, parties defendant and number of cause as in the original proceedings wherein judgment was entered, and averring that she was the owner of certain described real estate in Fountain county, Indiana; that it was on the north side of the highway in question in the original action; that the fence on the north side of said highway, and enclosing her land along said highway, is the same fence which was ad-

judged by the judgment of the court as being so maintained as to constitute a public nuisance, and which she was enjoined from maintaining; that while said cause was pending in said court an agreement was entered into by counsel representing each of the parties to said action whereby the questions of the center line of said highway and the location of the fences thereto belonging to each of the defendants were referred for survey to a surveyor to be appointed by the trial judge, and the verified report of such surveyor so appointed should be taken as a basis upon which the court was to enter judgment; that at the time of said agreement this appellant was a married woman; that she was not a party to said agreement; and that the same was an agreement to submit the questions of the center line of said highway and the location of said fences to arbitration. She further avers that said judgment "was procured by fraud and by false and fraudulent statements and testimony, in this: that the only evidence introduced in said cause, from which or upon which this court could enter judgment and make a decree, was the affidavit of one George H. Lucas, the surveyor appointed by this court to make survey as hereinbefore referred to, which affidavit purports to be the report of said surveyor as to the survey made by him and of the public highway and fences in dispute in said cause;" that said report is false and fraudulent, in that the line that was so established by said survey was not upon the line of the section where it should be, but twenty-five inches north of the true line as shown by the affidavits of the chain carriers and flagman assisting in the survey aforesaid, which affidavits are made exhibits; that the fence on the south side is not fifteen feet south of the center of said highway, but is within nine feet of said center line; that the location of the fences was not determined by measurements as reported by said surveyor; that by reason of said report said judgment was entered, and that the same is wrongful and

oppressive, and, instead of her fence being in the public highway, it is wholly situated upon her own land, and not within the highway at all; that said Lucas wrongfully and maliciously conspired, connived and colluded with said Palin and Foxworthy to defraud this appellant of her right to said real estate, and to cause said cost to be adjudged against her; that she did not know the contents of said report at the time of the rendition of said judgment, nor that it was false and fraudulent, until after said judgment had been rendered, and had no opportunity to object and except to the same; that thereafter, on February 2, 1904, being the second judicial day of the February term, 1904, of said court, appellant filed what she designates as a supplemental motion, wherein she avers many of the same facts as in the original motion set forth, and, in addition thereto, says that, at the time of the appointment of said surveyor and the entering of said judgment, Charles C. Palin was trustee of Richland township, Fountain county, Indiana, and was in nowise bound by said report of said surveyor, nor by the judgment entered by the court thereon, and asks that the injunction be dissolved, etc.

The parties named in the caption of said motion appeared thereto and answered in denial, whereupon said proceeding upon the issue thus joined was submitted to the court for trial. . The court, after hearing the evidence, found against appellant, and rendered judgment against her for costs. Appellant thereupon moved for a new trial, which motion was by the court overruled, and exception by appellant reserved, appeal prayed to the Supreme Court, and granted.

This is a term-time appeal. The evidence is not in the record. The motion for a new trial last filed is not in the record.

1. The record in this appeal contains a transcript of the pleadings, papers and proceedings in the original action, but by what authority they are made part of the record does

not appear. That part of the record can serve no purpose here.

2. If by bringing into the record the proceedings in the original action there was an attempt to appeal that case, it must be dismissed for the reason that no notice was given of the appeal, since notice is necessary to bring before this court the other parties to the judgment in a vacation appeal. The first three errors here assigned have reference to errors averred to have been committed by the court in the original action, and, for the reason stated, present no question for our consideration.

3. The parties appear to have considered the motion filed on November 16 as a pleading filed in the original cause, and not as an independent action. The fact that it was so treated does not make it any the less an independent proceeding, or take from or add to its real object any strength. The record here expressly shows the appeal to have been taken from the judgment rendered February 3, 1904.

4. Appellant in her brief treats the motion as a complaint for a new trial. She says "the undisputed complaint for a new trial shows that this appellant has been injured by the false and fraudulent act of the surveyor. * * * The complaint for a new trial shows that this appellant availed herself of the earliest opportunity to present such complaint to the court. * * * The complaint for a new trial shows that this defendant is the owner of the real estate. * * * It is further alleged that said George H. Lucas wrongfully and maliciously," etc.

Section 572 Burns 1901, §563 R. S. 1881, provides: "Where causes for new trial are discovered after the term at which the verdict or decision was rendered, the application may be made by a complaint filed with the clerk, not later than the second term after the discovery, on which a summons shall issue, as on other complaints, requiring the adverse party to appear and answer. The application shall stand for hearing at the term to which the summons is re-

turned executed, and shall be summarily decided by the court upon the evidence produced by the parties. But no such application shall be made more than one year after the final judgment was rendered." Applications for a new trial under this section are independent actions. *McConahey's Estate* v. *Foster* (1899), 21 Ind. App. 416. Issues must be formed and a trial had as in any other independent proceeding. *Offutt* v. *Gowdy* (1897), 18 Ind. App. 602; *East* v. *McKee* (1895), 14 Ind. App. 45; *Sanders* v. *Loy* (1873), 45 Ind. 229.

5. Fraud in procuring a judgment may be the basis of the complaint filed after term to obtain a new trial. *Pepin* v. *Lautman* (1901), 28 Ind. App. 74.

6. In the case at bar appellant's argument is principally to the effect that her motion or complaint is sufficient to warrant the court in granting a new trial. As the complaint is not questioned, we express no opinion as to its sufficiency. Upon a trial of the facts as presented by the complaint for a new trial, the court found against the appellant; and as the fourth, fifth and sixth errors assigned are based upon the court's ruling or finding in this regard, in the absence of the evidence adduced, the presumption is in favor of the correctness of the court's finding, and its action will not be disturbed on appeal.

We find no error in the record. Judgment affirmed.