## FRY v. SHAFOR ET AL.

[No. 20,553.   Filed May 23, 1905.]

1. REPLEVIN. — *Venue.* — *Plea in Abatement.* — An action in replevin must be brought in the county where the defendant resides, and a plea in abatement to the venue should be sustained where such action is brought in a different county, even though the property sought to be replevied is situate therein.   p. 699.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by Jesse J. Fry against William M. Shafor and others.   From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Affirmed.*

*Jesse E. Wilson, W. H. Parkison* and *George A. Williams,* for appellant.

*Harry C. Sheridan,* for appellees.

GILLETT, J.—This was an action in replevin, commenced by appellant against appellees in the Jasper Circuit Court. The latter pleaded in abatement, and there was a final judgment that the action abate.   The plea averred, and the evidence upon the trial of the issue showed, that at the time of the filing of the complaint, and at all times thereafter, appellees were residents of Clinton county, in this State, and that they did not at any time have an office or agency for the transaction of business in Jasper county.

1.   Appellant's counsel argue that the action of replevin may be brought in the county where the goods are situated or detained.   Section 314 Burns 1901, §312 R. S. 1881, in part, provides:   "In all other cases, the action shall be commenced in the county where the defendants, or one of them, has his usual place of residence."   It was held in *Hodson* v. *Warner* (1877), 60 Ind. 214, that this section authorizes the bringing of an action of replevin in the county of the defendant's residence.   In *Robertson* v.

*State, ex rel.* (1887), 109 Ind. 79, it was said: "Our cases have uniformly held that all actions, except those for which express provision is made, must be brought in the county where the defendant resides." This holding was approved in *Eel River R. Co.* v. *State, ex rel.* (1896), 143 Ind. 231. The provision of §314, *supra,* being general, and there being no language in the code of procedure or elsewhere which warrants the conclusion that any other provision for the venue of actions in replevin has been made by the legislature, our conclusion is that the court below did not err in its judgment.

Judgment affirmed.