## Robert C. Settles, Defendant in Error, v. Threlkeld & Milburn, Plaintiffs in Error.

1. VERDICT—*when not disturbed as against the weight of the evidence.* A verdict will not be set aside on review as against the weight of the evidence unless it is clearly and manifestly so.

2. INSTRUCTIONS—*when lack of clearness will not reverse.* Lack of clearness in instructions will not reverse even though the jury may have had some difficulty in arriving at their meaning, if, from a consideration of all of the instructions given, it does not appear that prejudice resulted.

3. NEW TRIAL—*when newly discovered evidence not ground for.* Newly discovered evidence is not ground for a new trial where it relates merely to the question of the amount of the damages or was cumulative of the evidence heard.

Action commenced before justice of the peace. Error to the Circuit Court of Jefferson county; the Hon. P. A. PEARCE, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

WILLIAM H. GREEN, for plaintiffs in error.

KIRBY SMITH and R. M. FARTHING, for defendant in error.

MR. JUSTICE MYERS delivered the opinion of the court. This suit was brought in a justice court by the de-

fendant in error against plaintiffs in error to recover damages for the alleged failure of plaintiffs in error to accept and pay for hay under a contract of purchase. Judgment was rendered in favor of the defendant in error and plaintiffs in error appealed to the Circuit Court, where a trial by jury resulted in a verdict and judgment in favor of the defendant in error for $100 and one-half the costs. The record is brought to this court for review on writ of error. The evidence introduced on the trial tends to prove that plaintiffs in error by their agent, one Lon Gibson, bought of the defendant in error a certain lot of hay in ricks standing in the field. Gibson examined the hay and agreed to pay therefor upon delivery $9 per ton for certain of the ricks and $8 per ton for certain other ricks, hay to be baled and delivered to plaintiffs in error. Subsequently and before the hay was baled, plaintiffs in error notified the defendant in error that unless the hay graded one and two on inspection at the car when delivered, they would not receive and pay for it. On the day following the above notice, plaintiffs in error offered to pay $15 to be released from the contract and this being refused, they requested defendant in error to deliver to them only such part of his hay as would grade No. 1 on inspection. This likewise the defendant in error declined to do.

Argument of counsel for plaintiffs in error is first directed in contention that the evidence does not justify the verdict and judgment. It is conceded that the contract of purchase made by Gibson with the defendant in error was substantially as claimed, but it is said that Gibson, the agent, exceeded his instructions, made a mistake, and therefore the plaintiffs in error may not be bound. Gibson was a general agent, the purchasing agent for the plaintiffs in error, and as we conclude from the evidence, it was quite within the scope of his authority to agree upon a price, terms and conditions by which the hay could be purchased and effect the purpose of his appointment. He was authorized to

contract for his principal in the purchase of hay, and, impliedly, he was clothed with incidental and necessary authority to negotiate and agree upon the price, terms and conditions. He was in no sense a special agent with limited powers under the rule, that one dealing with a special agent must inquire the extent of his authority, and the cases cited by plaintiffs in error upon this point are without application. If, as plaintiffs in error contend, Gibson disregarded instructions to contract only for hay that would grade Nos. 1 and 2, subject to inspection, the rights of the defendant under the contract were not affected thereby for he had no notice. It may be said of Gibson that he was a general agent with special instructions rather than that he was a special agent with limited authority. "Power to act generally in a particular business, or a particular course of trade, in a business however limited, would constitute a general agency—if the agent is so held out to the world, however so restricted his private instructions may be." Doan v. Duncan, 17 Ill. 272; Crain v. National Bank, 114 Ill. 516. Other questions of fact discussed in argument are concluded by the verdict. From a careful consideration of all the evidence we cannot say that it is not sufficient to warrant the verdict.

Complaint is made of instructions one, two and six, given on request of defendant in error. These instructions are subject to the criticism that they do not express clearly the propositions of law intended, and it is not improbable that the jury had some difficulty in fully understanding them. However, when considered in connection with all the other instructions given, we are persuaded that they worked no prejudice to the plaintiffs in error.

The newly discovered evidence, as a ground for new trial shown by affidavit, was not calculated to defeat the action. It related to the question of damages, was cumulative of the evidence heard and, at most, could be effective only in reducing the sum allowed. Besides, it

appears that the discovery was made during the trial. The plaintiffs in error should then have moved for continuance in order to raise the point for consideration by this court.

There is no merit in the objection to the form of judgment. The objection was not made in the trial court and may not now be considered by this court.

Finding the record free from error prejudicial to the rights of the plaintiffs in error, the judgment of the Circuit Court will be affirmed.

*Affirmed.*