## LOWRY v. INDIANAPOLIS TRACTION AND TERMINAL COMPANY.

[No. 9,882. Filed February 6, 1920. Rehearing denied April 29, 1920. Transfer denied December 9, 1921.]

1. EQUITY.—*Bill of Review.—Newly-Discovered Evidence.—English Chancery Practice.*—Under the.English chancery practice, relief from a judgment on the ground of newly-discovered evidence was obtained by a bill of review, though such courts did not in fact grant a new trial, but compelled the party holding the judgment to consent to a new trial or be enjoined from enforcing the judgment. p. 141.

2. NEW TRIAL.—*Motion.—Jurisdiction.*—Motions for a new trial must be made to the court before which the action was tried, and a motion, whether, for a new trial or for a vacation of a judgment, must be made in the county or district in which the judgment was rendered. p. 142.

3. NEW TRIAL.—*"Court".—"Term".— "Clerk". — Statutes.*—The words "court," "term," and "clerk," as used in §585 *et seq.* Burns 1914, §559 R. S. 1881, relating to new trial, refers to the trial court alone. p. 147.

4. APPEAL.—*Judgments Appealable.—Ruling on Application for New Trial.—Statutes.*—An. application for a new trial under §589 Burns 1914, §563 R. S. 1881, for causes discovered after term is independent of the original action to the extent that the judgment granting or denying the new trial is a final judgment from which an appeal will lie; and the complaint must stand or fall upon the allegations therein contained, without taking into consideration the records, pleadings or evidence in the original action. p. 147.

5. NEW TRIAL.— *Trial.— Venire de Novo.— Distinction.* —The ancient common-law mode of proceeding to a new trial was by a writ of *venire facias de novo,* and the material difference between such a writ and a modern new trial is that the *venire de novo* must be granted upon matters appearing upon the face of the record, but a new trial may be granted for things out of the record. p. 150.

Lowry v. Indianapolis Traction, etc., Co.—77 Ind. App. 138.

6. APPEAL.—*Appeals from Original Judgment and Order Disposing of New Trial.—Consolidation.*—While an appeal can be prosecuted from an order granting or refusing a new trial, yet, where an appeal from the original judgment and also from the judgment granting or refusing a new trial are pending at the same time, they may be consolidated and disposed of together. p. 150.

7. NEW TRIAL. — *Application for New Trial. — Where Filed. — Statutes.*—Under §585 Burns 1914, §559 R. S. 1881, and §587 Burns 1914, Acts 1913 p. 848, and §§588, 589 Burns 1914, §§562, 563 R. S. 1881, relating to new trial, an application for new trial, whether by motion or by complaint after term, must be filed in and addressed to the court in which the trial was had, even though the original action was tried in a county other than that of the successful party's residence. pp. 151, 154.

8. COURTS.—*Jurisdiction.—Conflict.*—It is against the policy of the law to permit a situation to arise wherein there may be an unseemly conflict of jurisdiction between courts of equal rank in the determination of the question as to the extent or proper exercise of the authority of the court which first assumed jurisdiction over the subject-matter. p. 154.

9. COURTS.—*Courts of Equal Jurisdiction.—Control of Orders and Processes.*—One court cannot control the execution of the orders and processes in another court of equal jurisdiction. p. 154.

10. NEW TRIAL.—*Grounds.—Newly-Discovered Evidence. — Sufficiency to Warrant New Trial.—Admissions by Plaintiff.*—In an action for personal injuries, newly-discovered evidence, consisting of admissions of plaintiff which were pertinent to the issues and which tended to show that the injuries claimed were not the result of the accident involved, warrants a new trial, even though it may also be impeaching in character, where such evidence, if introduced at the trial, would probably have changed the result. p. 154.

11. NEW TRIAL.—*Grounds.—Newly-Discovered Evidence. — Sufficiency to Warrant New Trial.—Admissions by Plaintiff.*—In an action for personal injuries, newly-discovered evidence, consisting of admissions by plaintiff which tended to show that she had not sustained the injuries claimed as a result of the accident involved, warrants a new trial, notwithstanding that such evidence might also be used in mitigation of damages; the evidence being of such a character that there probably would have been a different result if it has been introduced at the trial of the cause. p. 155.

12. APPEAL.—*Review.—Order for New Trial.—Evidence. — Sufficiency.*—In an action for personal injuries, evidence of admis-

140    APPELLATE COURT OF INDIANA,

Lowry *v*. Indianapolis Traction, etc., Co.—77 Ind. App. 138.

sions of plaintiff, tending to show that she did not sustain the injuries claimed as a result of the accident involved, *held* sufficient to sustain the trial court's order granting a new trial on the ground of newly-discovered evidence. p. 155.

13.   APPEAL.—*Review.—Order Granting New Trial.—Discretion of Trial Court.*—An application for new trial on the ground of newly-discovered evidence calls for the exercise of judicial discretion on the part of the court, and to authorize the court on appeal to reverse a judgment because of abuse of discretion in granting a new trial, it must appear that there was a plain abuse of discretion, that a flagrant injustice has been done, and that a very strong case for relief has been made. p. 157.

14.   APPEAL.—*Review.—Order Granting New Trial.*—Where a new trial has been granted, a much stronger case must be made to warrant the interference of the appellate court than when it has been refused. p. 157.

15.   NEW TRIAL. — *Newly-Discovered Evidence. — Discretion of Trial Court.—"Discretion".*—Trial courts have much more discretion in granting new trials on the evidence than have appellate courts, and the granting of a new trial on newly-discovered evidence rests largely within the trial court's discretion; "discretion" in granting new trial meaning an honest attempt, in the exercise of judicial duty, to see that justice is done to establish legal right. p. 157.

From Morgan Circuit Court; *Nathan A. Whitaker*, Judge.

Action by Margaret J. Lowry against the Indianapolis Traction and Terminal Company. Judgment for plaintiff, and defendant after term filed an application for new trial. From a judgment awarding new trial, the plaintiff appeals. *Affirmed.*

*Wymond J. Beckett, A. M. Bain* and *William F. Elliott,* for appellant.

*D. E. Watson, S. C. Kivett* and *W. H. Latta,* for appellee.

MCMAHAN, J.—The appellant commenced her action in the superior court of Marion county against the appellee to recover damages on account of personal injuries alleged to have been caused by the negligence of appellee. The venue was changed to the circuit court

of Morgan county, where there was a trial which resulted in a verdict and judgment for appellant for $3,000. Appellee after term filed its application in the office of the clerk of the Morgan Circuit Court for a new trial on account of newly-discovered evidence.

Appellant filed a plea in abatement alleging that she was a resident of Marion county, and that the Morgan Circuit Court therefore, had no jurisdiction over her. The court sustained appellee's demurrer to this plea. An answer of general denial was filed. There was a trial by the court followed by a judgment awarding appellee a new trial from which appellant appeals and assigns as error, that the court erred; (1) In sustaining the demurrer to her plea in abatement, (2) in overruling her demurrer to the complaint and (3) in overruling her motion for a new trial.

Appellant's first contention is that an application for a new trial by complaint filed after term is not within any provision of the statute allowing suit to be brought in a county in which the defendant does not reside, and is, therefore, governed by §315 Burns 1914, §312 R. S. 1881, which provides that: "In all other cases, the action shall be commenced in the county where the defendants, or one of them, has his usual place of residence."

Applications for new trials are controlled by the common law or by the statutes. New trials at common law were granted only by the trial court. Under the

1. English chancery practice, relief from a judgment on the ground of newly-discovered evidence was obtained by bill of review. While courts of chancery undertook to grant relief from unconscionable judgments rendered at law, they did not in fact grant a new trial. They simply compelled the party holding the judgment to consent to a new trial or be enjoined from enforcing the judgment.

In 20 Standard Ency. of Proc. 582, it is said: "Unless the statute provides otherwise, the motion for a new trial must be made in the court in which the trial took place." "The motion for a new trial, in such cases, is addressed to the discretion of the court which directed the trial of the issues." *Clayton* v. *Yarrington* (1860), 33 Barb. 144.

Motions for a new trial must be made to the court before which the action was tried, and a motion, whether for a new trial or for a vacation of a judgment, must be made in the county or district in which the judgment was rendered. 14 Ency. Pl. and Prac. 716; *Minkler* v. *Minkler* (1842), 14 Vt. 558; *Godwin* v. *Monds* (1888), 101 N. C. 354; *Grattan* v. *Matteson* (1879), 51 Iowa 622, 2 N. W. 432; *Beach* v. *Beach* (1889), 6 Dak. 371, 43 N. W. 701; *Rickett* v. *Johnson* (1857), 8 Cal. 34; *Anthony* v. *Dunlap* (1857), 8 Cal. 26.

"Ordinarily a new trial can be granted only by the trial court." 29 Cyc 723.

"At common law, all applications for a new trial, or for a trial in cases where judgment has been rendered by default, must have been made to the court wherein the cause had been determined." *Charles* v. *Howard* (1842), 14 Vt. 560. In *Kemp & Buckey* v. *Cook & Ridgely* (1861), 18 Md. 130, it is said: "The Power of setting aside judgments upon motion, is a common-law power incident to courts of record, and exercised usually under restraints imposed by their own rules, and rarely after the term has passed in which the judgment was rendered."

"The re-examination of the issues of fact, must be in the same court. This requires proceedings for new trials to be instituted in the same court. No other court has authority to entertain the motion." Haynes, New

Trial p. 11, §1.   Another author of no mean repute in speaking of the motion for a new trial says, its office is to "bring before the court of original jurisdiction its rulings in order that it may review them and, if need be, correct errors into which it may have fallen."   Elliott, App. Proc. §830.

"If there is another trial of the case, it must be in the district court.   There can be no doubt that the district court is the place to make application for such trial.   *   *   *   There having been a trial thereof in the district court, that court and no other might grant a new trial."   *Williams* v. *Miles* (1905), 73 Neb. 193, 102 N. W. 482, 105 N. W. 181, 106 N. W. 769.

"The proper office in which to file a motion for a new trial is that of the clerk of the court in which the case was tried."   *New Eng. Mortg., etc., Co.* v. *Collins* (1901), 115 Ga. 104, 41 S. E. 270.

And we read in *Smith* v. *Hall* (1898), 71 Conn. 427, 42 Atl. 86:  "An application for such relief based on matters of equitable cognizance, must be brought to the court which rendered the original judgment, in the county where the record remains, if that court is competent to entertain it.   The Superior Court for Litchfield county has full equitable as well as legal jurisdiction, and is the only forum before which the defendant can ask for the new trial he desires.   Its record of a final judgment against him could not be impugned by the records of the court for another county, should these purport to show that this judgment had been set aside.   The whole history of every cause must be found in the records of the court to which it was brought or into which it may have been legally removed."

"The proper form of proceeding to vacate a decree obtained by fraud upon the party, or imposition on the

court, is by petition to the court in which the decree was given." *Nicholson* v. *Nicholson* (1888), 113 Ind. 131, 15 N. E. 223.

That a motion for a new trial must be filed with and in the trial court, is recognized by this court in *William Deering & Co.* v. *Armstrong, Admr.* (1898), 18 Ind. App. 687, 48 N. E. 1045. *Intermediate Life, etc., Co.* v. *Cunningham* (1915), 59 Ind. App. 326, 108 N. E. 17. The court in the last case cited, on page 329 said: "The record nowhere discloses that said motion for a new trial was presented to the *trial court* within thirty days from the time said cause was tried and judgment rendered." This clearly recognizes that "the court" referred to in the statute is the trial court.

A motion for a new trial must be made in the court where the case was tried. *Lambert* v. *Cheney* (1915), 221 Mass. 378, 108 N. E. 1078.

During the time Indiana was a territory the practice of granting new trials, and the causes for which new trials were granted, were regulated by the common law and not by statute. The general rule of the common law was that a new trial would be granted where an injustice had been done. The only statutory provision being, that, "Not more than two new trials shall be granted to the same party, in the same cause." Laws Indiana Territory 1807 p. 324, §21.

By an act approved January 2, 1818, the common law of England, with certain exceptions, was adopted by the legislature as "the rule of decision, and considered as of full force until repealed by legislative authority." By an act approved January 28, 1818, the territorial act of 1807 providing that not more than two new trials should be granted to the same party in the same cause was re-enacted (Acts 1817 p. 39, §49) and remained in force without change until 1824, when it was changed so as to read:

"Not more than two new trials shall be granted to the same party, in the same cause: Provided, that the Supreme and Circuit Courts, in granting new trials, shall grant the same on the payment of costs, or on the costs abiding the event of the suit, as the justice and equities of the case may require, taking into consideration the causes, which may make such new trial necessary." R. S. 1824, p. 298. This provision was re-enacted in 1831, 1838 and 1843 without change. R. S. 1831 p. 409, R. S. 1838 p. 454, R. S. 1843 p. 732, §324.

The first statute in this state naming the grounds for which new trials could be granted and regulating the practice of filing applications therefor, is found in 2 R. S. 1852 p. 117, §352 et seq.

Section 355, 2 R. S. 1852, provided that the application must be by motion, upon written cause, filed at the time of making the motion. Section 356, 2 R. S. 1852, provided that: "Where the causes for a new trial are discovered after the term at which the verdict or decision was rendered, the application may be made by a complaint filed with the clerk not later than the second term after the discovery, on which a summons shall issue as on other complaints," etc.

The sections of the statute now in force authorizing and regulating the granting of new trials, §585 et seq. Burns 1914, §559 R. S. 1881, are as follows: "A new trial may be granted in the following cases:

"First. Irregularity in the proceedings of the court, jury or prevailing party, or any order of court or abuse of discretion," etc.

"Sixth. That the verdict of the jury or decision is not sustained by sufficient evidence or is contrary to law.

"Seventh. Newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.

146    APPELLATE COURT OF INDIANA,

Lowry *v.* Indianapolis Traction, etc., Co.—77 Ind. App. 138.

"Eighth.   Error of law occurring at the trial and excepted to by the party making the application.   And *the court* in granting new trials, may allow the same at the cost of the party applying therefor, or on the costs abiding the event of the suit, or a portion of the costs, as the justice and equity of the case may require, taking into consideration the causes which may make such new trial necessary."   (Our italics.)

Section 587 Burns 1914, Acts 1913 p. 848:   "The application for a new trial may be made at any time within thirty (30) days from the time when the verdict or decision is rendered:   *Provided,* That if the term of court at which the verdict or decision is rendered is adjourned before the expiration of thirty (30) days from the time when the verdict or decision is rendered, then the motion for a new trial may be filed in the *clerk's office of said court* within thirty (30) days from the time of the rendition of such verdict or decision, and not afterwards."   (Our italics.)

Section 588 Burns 1914, §562 R. S. 1881:   "The application must be by motion, upon written cause filed at the time of making the motion.   *   *   *."

Section 589 Burns 1914, §563 R. S. 1881:   "Where causes for new trial are discovered after the term at which the verdict or decision was rendered, the application may be made by a complaint filed with *the* clerk, not later than the second term after the discovery, on which a summons shall issue, as on other complaints, requiring the adverse party to appear and answer.   The application shall stand for hearing at the term to which the summons is returned executed, and shall be summarily decided by *the court* upon the evidence produced by the parties.   But no such application shall be made more than one year after the final judgment was rendered."   (Our italics.)

Since at common law new trials were granted only

by the trial court, we are justified in assuming that the legislature in enacting the statutes relative to new trials, did so with the understanding that new trials were granted only by the trial court. The irregularity of the "proceedings of the court" and of the "order of the court" mentioned in §585 Burns 1914, *supra,* refers to the decision referred to in the sixth reason named in the statute and plainly means "decision of the trial court." The expression, "And the court, in granting new trials" in the eighth cause for a new trial refers to the trial court, and means that the trial court in grant-. ing new trials, may allow the same at the cost of the party," etc.

3. We are of the opinion that the words, "court," "term," and "clerk," wherever used in the above sections must be held to refer to the trial court and none other.

4. Appellant contends that an application for a new trial made by complaint is a separate and independent action, and not in any manner connected with the original action, and in support of this contention cites, *Jones* v. *Kolman* (1912), 50 Ind. App. 158, 98 N. E. 74; *Slusser* v. *Palin* (1905), 35 Ind. App. 335, 74 N. E. 17; *Offutt* v. *Gowdy* (1897), 18 Ind. App. 602, 48 N. E. 654; *Hines* v. *Driver* (1883), 89 Ind. 339; *Hines* v. *Driver* (1885), 100 Ind. 315; *Morrison* v. *Carey* (1891), 129 Ind. 277, 278, 28 N. E. 697.

It is true that in each of the cases cited it was held that, an application filed after term for a new trial, was an independent action. But all the court meant by the expression an "independent action" was that such application for a new trial could not be fastened upon the former action, but that the application must set out the issues upon the former trial, and the evidence given on such trial, with the newly-discovered evidence, and that the judgment granting or refusing a new trial was a

final judgment from which an appeal could be prosecuted independent of the former judgment.

In *Jones* v. *Kolman, supra,* appellees filed an application for a new trial after term to which appellant filed a demurrer, and on its being overruled appellant declined to plead further, and the court rendered judgment granting a new trial. Appellee moved to dismiss the appeal for the reason that it was not taken from a final judgment and for the further reason that a new trial having been granted, the former action remained undetermined. The court in ruling upon this motion said, "There is no merit in appellee's motion to dismiss the appeal. A complaint for a new trial is an independent action, and in no manner connected with the proceeding in which judgment was rendered and must stand or fall on its own merits  *  *  *   An order granting a new trial  *  *  *  is a final judgment  *  *  * from which an appeal will lie." In *Slusser* v. *Palin, supra,* the appellant after term filed what she designated as a "motion to dissolve injunction" with the same caption as to party plaintiff, parties defendant and number of cause as in the original proceedings wherein judgment had been rendered. The court after hearing the evidence rendered a judgment against appellant, and the court having overruled her motion for a new trial, she prosecuted her appeal. The record contained the transcript of the pleadings, papers and proceedings in the original action. The court in discussing the fact that the parties treated the motion as a pleading, filed in the original cause, and not as an independent action, said: "The fact that it was so treated, does not make it any the less an independent proceeding, or take from or add to its real object any strength." Appellant also contended that her motion should be treated as a complaint for a new trial. The court after quoting §572 Burns 1901, being the same as §589 Burns 1914, §563

R. S. 1881, said: "Applications for a new trial under this section are independent actions.   Issues must be formed and trial had as in any other independent proceeding." *Offutt* v. *Gowdy, supra,* was an appeal from the action of the court in sustaining a demurrer to a complaint for a new trial.   The court held that an application like the one now under consideration was a new and independent proceeding and must be by complaint, saying:   "If any of the essential elements of the complaint are wanting, that cannot be supplied by resorting to the evidence nor the pleadings in the original case.   The complaint must contain in itself all the essential averments."

In *Hines* v. *Driver, supra,* the appellee filed a motion to dismiss the appeal for the reason that the judgment appealed from was an interlocutory order and not of the class from which an appeal could be taken, and in overruling the motion to dismiss, the court said:   "The proceeding being an independent one, and having but a single object in view, the order which makes the final disposition of the cause is necessarily a final order and hence a final judgment.   On the final hearing of the case as reported in 100 Ind. 315, the court said:   "As the proceeding is a new and independent action, it requires a complaint   *   *   *   and that the sufficiency of the complaint may be tried by demurrer," and the cause was reversed with instructions to sustain a demurrer to the complaint.

In *Morrison* v. *Carey, supra,* an application for a new trial filed after term on account of newly-discovered evidence was refused.   On appeal, the court said: "This is an independent action, wholly disconnected from the one in which the judgment was rendered, and as such must stand or fall upon its own merits."

In each of the cases cited by appellant, the application for a new trial was filed in the trial court and are not in point or of controlling force in so far as the ques-

150    APPELLATE COURT OF INDIANA,.

Lowry *v.* Indianapolis Traction, etc., Co.—77 Ind. App. 138.

tion now under consideration is concerned. All that was held in these cases was that the application was independent of the former action to the extent that neither the records, pleadings nor evidence in the original action could be looked to in determining the sufficiency of the complaint; that the complaint for a new trial must stand or fall upon the allegations therein contained, and that the judgment granting or denying the new trial was a final judgment from which an appeal would lie.

The ancient common-law mode of proceeding to a new trial was by a writ of *venire facias de novo*. The new trial is a modern invention intended to mitigate the severity of the proceeding to attaint. While a *venire de novo* and new trial are quite different, they are alike, in that a new trial takes place in both. The material difference between them is, that a *venire de novo* must be granted upon matters appearing upon the face of the record. *Bosseker* v. *Cramer* (1862), 18 Ind. 44.

While such proceedings have been held to be independent actions in so far as the trial is concerned, and that an appeal can be prosecuted from an order of the court granting or refusing a new trial, it has also been held, where an appeal from the original judgment and also from the judgment granting or refusing a new trial are pending at the same time, that they may be consolidated and disposed of together. *Old-father* v. *Zent* (1894), 11 Ind. App. 430, 39 N. E. 221. In the case last cited, the court after citing authorities to the effect that a complaint for a new trial after term is an independent action, said: "While this is true, the ultimate object of the proceeding is to obtain a new trial of the cause already merged into a judgment. In its effect it is virtually a motion for a new trial, but differing in its method of procedure in obtaining the result

NOVEMBER TERM, 1921.　151

Lowry *v.* Indianapolis Traction, etc., Co.—77 Ind. App. 138.

sought." For the purpose of testing the sufficiency of the complaint or of the evidence to support the decision of the court, the proceeding is a new and independent action, and cannot be fastened upon the former proceeding. *Sanders, Admx.*, v. *Loy* (1873), 45 Ind. 229.

Section 589 Burns 1914, *supra*, provides that application for a new trial by complaint, "shall be summarily decided by the court," thus indicating that such 7. applications are to be considered as summary proceedings as distinguished from the ordinary civil action. While such an application is separate and independent from the original action in so far as the pleadings and in so far as an appeal can be taken from the judgment of the court, granting or denying a new trial are concerned, it is not separate and independent from the original action in the sense that it must be brought in the county where the defendant resides. When the venue of the original cause was changed to the Morgan Circuit Court, that court became clothed with jurisdiction over the cause until its final disposition. That jurisdiction carried with it the sole power to pass upon all applications for new trials whether by motion, or by complaint. If this were not the rule, instead of method and system, our procedure would become disorder and confusion.

The appellant relies upon *Cox* v. *Hutchings* (1863), 21 Ind. 219, decided in 1863, where the court after holding that the complaint was defective as a complaint for a new trial because of newly-discovered evidence on account of a failure to set out the evidence given on the trial, said: "If the application for a new trial is made by motion in term time, to the Court that tried the cause, the evidence, on taking an appeal, is put in the record by bill of exceptions * * * If the application is made afterwards by complaint, perhaps to a Court that did not hear the original trial, the evidence

must, at least, according to averment, appear in the complaint." Appellant calls our attention to the expression, "Perhaps to a court that did not hear the original trial," and insists that this is a recognition by the Supreme Court that such a complaint need not be filed in the court or county where the original judgment was rendered. The question as to where the complaint should have been filed was not before the court for decision and the statement relative to that matter is obiter, and not binding as a precedent. The word "court" was probably inadvertently used for the word "judge" although cases might arise where such a complaint might be filed in a different court, as in the creation of a court in a new county, or the abolition of a court and the transfer of the records and proceedings therein to some other court. If an application for a new trial need not be filed in the court where the judgment was rendered, then when the defendant in such complaint is a non-resident of the state, such complaint could be filed in any circuit or superior court in the state and service be had by publication under §322 Burns 1914, Acts 1885 p. 155. Or in counties in which there are both circuit and superior courts, the circuit court would be granting and attempting to mandate the superior courts to grant new trials and the superior courts would be granting new trials in cases tried in the circuit court. Suppose appellee had filed its complaint in the Marion Circuit Court, and that court should have entered a judgment for the appellee granting it a new trial, how would that judgment have been enforced? Suppose an execution had then been issued out of the Morgan Circuit Court to collect the original judgment, would the Marion Circuit Court have the power or authority to enjoin the officers from making a levy as directed by the Morgan Circuit Court. We think not.

If appellant's theory is correct, and it be held that

NOVEMBER TERM, 1921.        153

Lowry *v.* Indianapolis Traction, etc., Co.—77 Ind. App. 138.

an application after term for a new trial, does not have
to be filed in the court where the judgment was ren-
dered, any circuit or superior court in the state would
have jurisdiction to entertain a complaint and grant a
new trial when the defendant in the application is a
non-resident of the state. A situation, so anomalous
that we do not believe the legislature ever intended to
create, when it provided that upon the filing of an ap-
plication for a new trial after term, with the clerk, "a
summons shall issue, as on other complaints." The
legislative intent to be gathered from the statute on the
subject of new trials is that the application, whether it
be by motion in term, or by complaint after term, must
be filed with the trial court, if in term, or in the office
of the clerk of the trial court, if filed after term, and if
filed with the clerk, he shall issue a summons, in sub-
stance, the same as are issued generally.

Appellant cites *Robertson* v. *State* (1887), 109 Ind.
79, 10 N. E. 582, 643; *Eel, etc., R. Co.* v. *State* (1896),
143 Ind. 231, 42 N. E. 617; and *Fry* v. *Shafor* (1905),
164 Ind. 699, 74 N. E. 503, to the proposition that unless
otherwise provided by statute all actions must be com-
menced in the county where the defendant resides. The
first two of these cases were proceedings in the nature
of *quo warranto,* and the last was an action in replevin.

"Where one court has acquired jurisdiction, no other
court, State or Federal, will, in the absence of supervis-
ing or appellate jurisdiction, interfere, unless in pur-
suance of some statute, State or Federal, providing for
such interference." *Mail* v. *Maxwell* (1883), 107 Ill. 554.

"Courts of concurrent jurisdiction cannot set aside or
modify the orders and decrees of other courts of like
jurisdictions." *Dodge* v. *Northrop* (1891), 85 Mich.
243, 48 N. W. 505.

It is against the policy of the law to permit a situation
to arise wherein there may be an unseemly conflict of

154    APPELLATE COURT OF INDIANA,

Lowry *v.* Indianapolis Traction, etc., Co.—77 Ind. App. 138.

jurisdiction between courts of equal rank in the determination of the question as to the extent or proper exercise of the authority of the court which first assumed jurisdiction over the subject-matter.

The rule is settled in this state that one court cannot control the execution of the orders and processes in another court of equal jurisdiction. *Board, etc.* v. *Stout* (1893), 136 Ind. 53, 35 N. E. 683, 22 L. R. A. 398; *Scott* v. *Runner* (1896), 146 Ind. 12, 44 N. E. 755, 58 Am. St. 345; *Plunkett* v. *Black* (1889), 117 Ind. 14, 19 N. E. 537; *Ind., etc., R. Co.* v. *Williams* (1864), 22 Ind. 198; *Gregory* v. *Perdue* (1867), 29 Ind. 66; *Coleman* v. *Barnes* (1870), 33 Ind. 93; *Wiley* v. *Pavey* (1878), 61 Ind. 457, 28 Am. St. 677.

We hold that an application for a new trial whether it be by motion or complaint must be filed in and addressed to the court in which the trial was had. For a form of complaint recognizing this rule see 3 Watson, Revision Works' Prac. 755.

The next error complained of is the overruling of appellant's demurrer to the complaint. Appellant contends that the alleged newly-discovered evidence is impeaching and cumulative in character, that it was in mitigation of damages, and for these reasons was not sufficient to warrant the court in granting a new trial. The newly-discovered evidence consisted of admissions of the appellant which were material and pertinent to the issues. No evidence of this character, or on the same subject, had been introduced on the trial. It was not therefore cumulative or impeaching. If this evidence had been discovered and introduced on the original trial, the result might, and probably would, have been different in some respects. *Hines* v. *Driver, supra,* at pages 328, 329; *Rains* v. *Ballow* (1876), 54 Ind. 79; *Houston* v. *Bruner* (1872), 39

Ind. 376; *Humphries* v. *Admr. of Marshall* (1859), 12 Ind. 609. Where the newly-discovered evidence proves a distinct and material fact, a new trial will not be denied because the evidence may have the additional effect of impeaching the party against whom it may be offered. *Blackburn* v. *Crowder* (1884), 110 Ind. 127, 10 N. E. 933.

Appellant has cited us to the cases of *Schlencker* v. *Risley* (1842), 3 Scam. (4 Ill.) 483, 38 Am. Dec. 100; *Settles* v. *Threlkeld & Milburn* (1908), 140 Ill. App. 275; and *Ham* v. *Taylor* (1858), 22 Tex. 225. In each of the cases cited the court had refused to grant a new trial. In two of them the question was raised by motion, while in the other a complaint for a new trial had been filed. The court in each case held that it was not error to refuse a new trial. In the instant case, it is not a question as to whether it would have been error to have refused a new trial, but whether it was error to grant it.

Appellant contends that the newly-discovered evidence is merely in mitigation of damages. We do not so view it. It was of such a character that the jury might have concluded that the injury of which appellant complained had not been brought about by any act of appellee. True, it might be used in mitigation of damages, but it was also admissible as tending to show that the appellant had not been injured by the appellee.

Appellant also insists that the finding of the court is not sustained by sufficient evidence. The evidence given on the original trial was to the effect that appellant was injured in a street car accident; that at the time of the accident, she fell and in falling threw her right hand out, striking some brick with it, hurt her wrist, and turned her fingers and thumb backward; that her wrist, hands and arms were swollen;

that her hip was injured; that it was badly bruised though not broken and was still sore at the time of the original trial, so as to hurt her when she walked; that her arm hurt all the time; that she could hardly use the hand, and no power to grip or bend her fingers; was in good health before the accident, and that her hand and arm were all right and did not pain her before the accident.

The newly-discovered evidence was that of Alice M. Faught who testified that she had known the appellant for about five years, had met her frequently at the home of appellant's son, Dr. Lowry, who was one of appellant's witnesses; that both before and after her accident and after an operation which appellant underwent before the accident, she observed appellant's arm and talked with her about it, and never saw appellant at a time when her arm was not swollen; that appellant always talked with her about her arm when she saw her both before and after the accident, and always said that the arm hurt her, and that she was always careful with it as she had had neuritis; that her arm always looked the same both before and after the accident, and that appellant always complained to her about the pain in her arm.

The trial judge with the original record before him including the pleadings, the evidence introduced on the original trial, the additional evidence introduced on the trial of the complaint for a new trial relative to diligence, and the evidence of the newly-discovered witness was satisfied that a new trial should be granted. He saw and heard all the witnesses on both trials and we cannot say as a matter of law that the evidence before him was not sufficient to sustain the findings of the court.

Appellant cites *Schlauder* v. *Chicago, etc., Co.* (1911), 160 Ill. App. 309, and insists that the facts there in-

NOVEMBER TERM, 1921.	157

Lowry *v.* Indianapolis Traction, etc., Co.—77 Ind. App. 138.

volved are so similar to the facts in the instant case, that it ought to be of controlling influence.

Applications for new trials on account of newly-discovered evidence call for the exercise of judicial discretion on the part of the court. In the case just cited the trial court refused to grant a new trial. The judgment on appeal was affirmed, but that is not saying that the cause would not have been affirmed if the trial court had granted a new trial.

"To authorize us to reverse a judgment on account of the abuse of the discretion of the lower court in granting a new trial, it should be made to appear, First: That there was a plain abuse of judicial discretion.

"Second: That a flagrant injustice had been done the complaining party.

"Third: A very strong case for relief should be made." *Barner* v. *Bayless* (1893), 134 Ind. 600, 33 N. E. 907.

Where a new trial has been granted, a much stronger case must be made for the interference of the court on appeal, than when it is refused. *Nagle* v. *Hornberger* (1854), 6 Ind. 69; *Leppar* v. *Enderton* (1857), 9 Ind. 353. In the trial court, it must clearly appear that substantial justice has been done or a new trial should be granted. On appeal it must clearly appear that substantial justice has not been done or the judgment should be affirmed.

Trial courts have much more discretion in granting new trials on the evidence than have appellate courts, and should exercise their discretion so as to facilitate the administration of justice. The granting of a new trial on newly-discovered evidence is largely within the judge's discretion. *Jones* v. *S. H. Kress & Co.* (1915), 54 Okla. 194, 153 Pac. 655; *Olson* v. *Seldovia Salmon Co.* (1915), 88 Wash. 225, 152 Pac. 1033.

"Discretion" in granting a new trial means an honest attempt, in the exercise of judicial duty, to see that justice is done to establish a legal right. *Johnson* v. *Grayson* (1910), 230 Mo. 380, 130 S. W. 673.

"The ruling of the lower court it may be observed upon a motion for a new trial upon the ground of newly-discovered evidence, is very rarely interfered with by an appellate court. The matter is largely left to the discretion of the trial judge, he being the judge of the value and effect of the evidence, and the rule is not to interfere with his discretion, except in case of manifest abuse." *Spear* v. *United Railroads* (1911), 16 Cal. App. 637, 117 Pac. 956. To the same effect see *Quinn* v. *Kenyon* (1863), 22 Cal. 82, where the court said: "It is only in rare instances and upon very strong grounds that this Court will set aside an order granting a new trial."

The Supreme Court of Wisconsin in *Ohms* v. *State* (1880), 49 Wis. 415 said: "When a motion for a new trial is made upon the minutes of the court, it is imperative that such motion should be heard by the judge who tried the cause, unless the party who makes the motion consents that it may be heard by some other judge. It would seem to be impossible for a judge to intelligently determine a motion for a new trial upon the minutes of the court unless he presided at the trial. Without being present at the trial, unless a bill of exceptions or case were first settled or agreed upon, containing a full history of all that took place, he could know nothing of the matters which he ought to know in order to give an opinion as to whether a new trial ought to be granted; and even upon a case or bill of exceptions made and settled, he would not be in a position to give a very satisfactory opinion upon the motion. In that case he would be very much in the position in which this court finds itself when called upon, under our statute relating to

appeals, to review the opinion of the trial judge in granting or refusing a new trial; and this court has repeatedly held that it must be a case of very gross error which will induce this court to interfere with the discretion of the trial judge in granting or refusing a new trial upon the evidence, or for other matters occurring during the trial  *  *  *  'The exercise of a sound discretion in such matters often depends upon a variety of facts and circumstances which cannot be described on paper and brought before the appellate tribunal with their original force and influence, and which no one but the judge before whom the case was tried can fully and properly estimate.' Many of these facts and circumstances are absolutely incapable of such delineation; and to say that the discretion depending upon them shall be transferred to another court, there to be exercised without the means of forming a correct judgment, seems impossible." See also, *Woolfolk* v. *Tate* (1857), 25 Mo. 598; *U. S.* v. *Harding* (1846), 1 Wall, Jr. 139.

The Supreme Court of Massachusetts in *Berggren* v. *Mutual Life Ins. Co.* (1918), 231 Mass. 173, 120 N. E. 402, said:

"The principles governing the review by this court of the action of the trial judge in granting or denying a motion for a new trial, whether on the ground of newly discovered evidence or for other reasons, are well settled. Except where questions of law are raised for the first time on the motion for a new trial,  *  *  * the right of the judge to set aside a verdict on any ground recognized by law in the ordinary case is limited only by sound judicial discretion and is not subject to revision by this court. It is only in an extraordinary case revealing an abuse of judicial power, or an excess of jurisdiction or similar error, that the action of the trial court upon a motion for a new trial can be re-

versed. * * * Doubtless new trials are not to be granted on the ground of newly discovered evidence except upon proof of important evidence of such nature as to be likely to have a material effect upon the result, which could not reasonably have been discovered before the trial by the exercise of proper diligence and respecting the production of which on motion there has been an entire want of laches. A new trial ordinarily will not be granted upon the discovery of evidence which is cumulative and in most such cases will and ought to be denied. * * * The mischief naturally flowing from retrials based upon the discovery of alleged new evidence leads to the establishment of a somewhat stringent practice against granting such motions unless upon a survey of the whole case a miscarriage of justice is likely to result if a new trial is denied. This is the fundamental test, in aid of which most if not all the rules upon the matter from time to time alluded to have been formulated. Ease in obtaining new trials would offer temptations to the securing of fresh evidence to supply former deficiencies. But courts cannot close "their eyes to injustice on account of facility of abuse." Nevertheless, most critical scrutiny must be given to the kind of evidence offered in support of the motion, to sources from which it comes, and the circumstances under which it is produced."

"The order granting a new trial was a general one and must be affirmed if it can be justified upon any of the grounds urged in vindication of it." Scott v. Waggoner (1914), 48 Mont. 536, 139 Pac. 454, L. R. A. 1916C 491.

"The power of granting or refusing a motion for a new trial is an equitable one, and presumed to be exercised in accordance with the requirements of justice." Gross v. Wood (1912), 117 Md. 362, 83 Atl. 337, Ann. Cas. 1914A 30. As said in 16 Am. and Eng. Ency. of Law

674: "An order granting a new trial, as a general rule, vacates a former judgment without any special order to set it aside and sweeps away the verdict and leaves the case as though no trial had been had." It places the case exactly in the position it occupied before there had been a trial, and the parties stand as if the cause had never been tried. 20 R. C. L. 313.

The Supreme Court of Minnesota in *Bunker* v. *United Order of Foresters* (1906), 97 Minn. 361, 107 N. W. 392 said: "The decision of a trial court upon an application for a retrial because of after-discovered evidence generally involves an exercise of the judicial discretion upon a full consideration of all the evidence given on the trial and the legitimate effect which the new evidence, taken in connection therewith, ought upon legal principles to have toward producing a different result * * *. The inquiry of the appellate court is, therefore, not whether, upon the record, a new trial might have been properly granted, but whether the refusal of it involved the violation of a clear legal right or a manifest abuse of judicial discretion."

"The issues were triable as in ordinary action * * *. The decision was one peculiarly within the discretion of the trial court." *Scott* v. *Hawk* (1898), 105 Iowa 467, 75 N. W. 368. "The Supreme Court will very seldom, and very reluctantly, reverse a decision or order of the trial court which grants a new trial. A much stronger case for reversal must be made where a new trial is refused." *City of Sedan* v. *Church* (1883), 29 Kan. 190. "The discretion, when no positive rule of law has been violated, is so absolute, that decisions of inferior courts in respect to motions for new trials are not generally subject to revision in error." 2 Graham & Watterman, New Trial §45. The same authority at §47 says: "A judge should never deny a motion of

this kind, unless he is satisfied that the merits of the case have been fully and fairly tested and determined. If he has a reasonable doubt on the subject, he should decide in favor of the applicant. And, on the other hand, if convinced that the verdict is correct, he ought not to grant the motion on account of mere irregularities which did not affect it."

The Supreme Court of California in *Oberlander* v. *Fixen* (1900), 129 Cal. 690, 62 Pac. 254, said: "Whether the evidence is of this character (cumulative) is not a question of law but for the judgment of the trial judge, whose discretion will not be interfered with by this court except in cases of manifest abuse. Hence, where the motion is denied, the fact that the newly-discovered evidence is merely cumulative will in general be a sufficient ground for affirmance; but where the motion is granted, the contrary will hold. For, in either case, it is for the trial judge to determine whether the evidence is of character probably to affect the result on a new trial; and unless the evidence be of such a character as to make it manifest and certain to this court that in the one case it would, or in the other that it would not, result differently on a retrial, the order will not be disturbed."

"The action of a trial judge is no less entitled to weight when he sets aside a verdict, than when he refuses to set it aside * * *. When the trial judge has set aside the verdict of a jury, we think great weight is due to his action, and that we should not be justified in coming to a different result unless there were reasonably strong grounds requiring us do so." *Loomis* v. *Perkins* (1898), 70 Conn. 444, 39 Atl. 797.

The record fails to show a case of such abuse of judicial discretion as warrants a reversal. Judgment affirmed.