Filed June 9, 1894.

-------•-------

No. 1,257.

## The Cleveland, Cincinnati, Chicago and St. Louis Railway Company v. Davis.

New Trial.—*Largely in Discretion of Trial Court.*—*Review of.*—The granting of a new trial rests largely in the discretion of the trial court, and will only be reviewed when the abuse of such discretion is shown.

Champerty.— *When a Matter of Defense.*— *Contract.*—The defense of champerty can only be set up when the champertous contract itself is sought to be enforced, and a champertous agreement between the plaintiff and his attorney is no defense to the action against the defendant.

Practice.—*Motion to Strike Out Motion for New Trial.*—*Champerty.*— A motion to strike out a motion for a new trial because of a champertous agreement is unknown to the practice. Such question should be raised either by plea or motion to dismiss the action.

APPELLATE COURT PRACTICE.—*Abuse of Discretion.—Record.—Motion.*
—Where the record does not show the filing of a motion for a new trial, but the court treated it as having been filed, and acted upon it, the appellate tribunal will not, in the absence of a satisfactory showing that he abused his discretion, set aside his act.

From the Montgomery Circuit Court.

*J. T. Dye, P. S. Kennedy* and *S. C. Kennedy*, for appellant.

*J. L. Shum*, for appellee.

DAVIS, C. J.—This was an action instituted by appellee against appellant, to recover damages alleged to have been sustained by appellee on account of negligence of appellant in allowing fire to escape from its right of way on to his premises.

The case was submitted to a jury for trial, and, on return of a special verdict, judgment was rendered for appellant.

Appellee then filed a motion for a new trial, and appellant thereupon moved the court to strike out the motion for a new trial, which was overruled, and the motion for a new trial sustained.

Appellant reserved proper exceptions, and, within the time granted, filed bills of exceptions. The case was then tried by the court, and resulted in finding and judgment in favor of appellee for ninety dollars.

It is contended, first, that the trial court erred in granting appellee's motion for a new trial. The causes for which a new trial may be granted are specified by statute. Section 568, R. S. 1894.

The difference in the rule that prevails in an Appellate Court and the trial court, in relation to new trials, is correctly and tersely expressed by the Supreme Court, in *Christy* v. *Holmes*, 57 Ind. 314, as follows: "In the circuit court, it must clearly appear that substantial justice has been done by the verdict, or a new trial should

be granted; in the Supreme Court, it must clearly appear that substantial justice has not been done, or the judgment should be affirmed.''

The granting of a new trial rests largely in the discretion of the *nisi prius* court, and will only be reviewed by an appellate court when the abuse of such discretion is shown. *Hines* v. *Driver*, 89 Ind. 339.

We have examined the record in this case in the light of the brief of counsel for appellant, and without discussion, suffice it to say, we are not prepared to adjudge that the trial court abused its discretion.

It is next insisted that the court erred in overruling appellant's motion to strike out appellee's motion for a new trial.

On the first trial of the cause it incidently appeared that the attorney for appellee was prosecuting the action under an agreement by the terms of which he was to receive one-half the proceeds of the litigation if successful, and was to pay one-half the costs, except fees of appellee's witnesses, should he be defeated. At this stage of the proceedings appellant made a motion, based on said champertous agreement, to dismiss the action, but there was no ruling on this motion, and neither was there any exception reserved to the nonaction of the court.

The basis of the motion to strike out the motion for a new trial is the champertous agreement referred to. The motion to dismiss the action was not afterwards in any manner renewed. The only question presented for our consideration in this connection is, whether the court erred in overruling the motion to strike out the motion for a new trial.

The rule invalidating champertous agreements is still in force in this State, although much restricted. *Scobey* v. *Ross*, 13 Ind. 117. See, also, *Quigley* v. *Thompson*, 53

The Cleveland, Cincinnati, Chicago and St. Louis Ry. Co. *v.* Davis.

Ind. 317; *Hart* v. *State, ex rel.*, 120 Ind. 83; *Allen* v. *Frazee*, 85 Ind. 283; *Stotsenburg, Admr.*, v. *Marks*, 79 Ind. 193; *Board, etc.*, v. *Jameson*, 86 Ind. 154.

The general rule supported by the weight of authority seems, however, to be that the defense of champerty can only be set up when the champertous contract itself is sought to be enforced, and that the existence of a champertous agreement between the plaintiff and his attorney is no defense to the action against [the defendant. Am. & Eng. Ency. of Law, vol. 3, p. 86.

It is intimated in one case in this State, that the court may, on the grounds of public policy, dismiss the suit as soon as it clearly appears upon the trial, to the satisfaction of the court, that the action is being prosecuted under a champertous agreement. *Greenman* v. *Cohee*, 61 Ind. 201.

Whatever the rule may be as to who may take advantage of the invalidity of a champertous agreement, when the foundation of the action itself is not tainted with the vice, the question should be raised either by a plea or a motion to dismiss the action. The method here adopted is not known to the practice. Under the circumstances disclosed by the record in this case, there was no error in overruling the motion under consideration.

As to whether, if the question was properly presented, we should follow the *obiter dictum* in *Greenman* v. *Cohee*, *supra*, or the general rule supported by the authorities cited in Am. & Eng. Ency. of Law, *supra*, we do not determine.

Judgment affirmed.

Filed March 6, 1894.

## On Petition for a Rehearing.

DAVIS, J.—Counsel for appellant have filed an earnest petition and brief for a rehearing. It appears that after

the first trial, on the 30th of April, 1892, the plaintiff in the court below filed a motion for a new trial. Following the entry reciting the filing of the motion for a new trial there is copied into the record a "motion for a new trial" and an "amended motion for a new trial." It is insisted that no statutory ground is stated in the motion for a new trial, and that the record does not show the filing of the amended motion. The clerk certifies that the plaintiff "files his motion for a new trial of this cause, to wit," and then sets out the motion and amended motion, which, so far as we can tell, were written on one and the same paper, and filed as one and the same instrument. The trial court having treated the paper as having been filed, and having sustained the motion for a new trial, this court can not, in the absence of a satisfactory showing that he abused his discretion, set aside his act. It is true the motion for a new trial was awkwardly written, and is subject to criticism, but the motion contained sufficient substance to authorize the trial court to sustain it if he believed there had been a mistrial, and that the ends of · justice had been thwarted.

It is next urged that counsel for appellant did reserve an exception to the refusal of the court to sustain appellant's motion to dismiss the case. The record shows that counsel for appellant made a motion to dismiss the case. The court then announced: "I will not pass upon this now; I will pass upon this in the morning." The record then recites: "To which ruling of the court the defendant, by counsel, at the time excepted."

All we can make out of this is that appellant excepted to the statement of the court that he would not pass upon the motion at that time, but that he would do so in the morning. The record shows that the court then adjourned, and that the trial was continued in the morn-

ing, but it does not appear that the court ever ruled on the motion to dismiss, or that he was asked to rule thereon.

A reëxamination of the questions discussed has not convinced us that there is any error in the record requiring a reversal of the judgment of the trial court.

Petition for rehearing overruled.

Filed June 20, 1894.