No. 1,535.

## SMITH *v.* STUMP, BY NEXT FRIEND.

APPELLATE COURT PRACTICE.—*Sufficiency of Evidence.—Rules as to Appellate Court, as to Trial Court.*—After the trial court has approved a verdict, all presumptions are in its favor in the appellate tribunal, and it will not interfere unless there is an absolute want of evidence fairly sustaining a material and essential fact in issue, or unless it clearly appears that substantial justice has not been done. The trial court is not bound by such presumptions, but is on equal terms with the jury.

RECORD.—*Appeal.—Affidavits in Support of Motion for New Trial.—How Made Part of.*—Affidavits filed in support of a motion for a new trial and copied into the transcript by the clerk, no effort having been made to bring them into the record by order of court or bill of exceptions, are not properly in the record.

MALPRACTICE.—*Evidence.—Character of Physician and Surgeon.*—In an action against a physician for malpractice, evidence of good character as a physician and surgeon, in 1893, was not admissible to rebut a charge of negligence in 1886.

From the Huntington Circuit Court.

*M. H. Kidd, N. G. Hunter, W. G. Sayre, H. B. Sayler* and *J. M. Sayler,* for appellant.

*H. C. Pettit, J. B. Kenner* and *U. S. Lesh,* for appellee.

GAVIN, J.—The appellee recovered judgment for damages for malpractice in setting and treating a broken arm, whereby the power of pronation and supination was impaired.

Appellant here asserts that his motion for a new trial should have been sustained. It is earnestly argued that the evidence is insufficient to support the verdict for appellee.

Appellant certainly did not undertake absolutely to cure appellee, but he was bound, as his attending physician and surgeon, to possess and exercise the average

degree of skill and care possessed and exercised by members of his profession practicing in such localities. *Beck-nell* v. *Hosier*, 10 Ind. App. 5; *Kelsey* v. *Hay*, 84 Ind. 189; *Gramm* v. *Boener*, 56 Ind. 497.

It is true that the physicians testified in answer to the hypothetical case put by appellant's counsel that appel-. lant was in the exercise of proper skill and care in his treatment of the child, but there is the widest possible want of harmony between the evidence of appellant and of appellee as to the existence or nonexistence of the facts upon which that question was based. This conflict in the evidence, it was, so far as this court is concerned, for the jury to determine. *Colton* v. *Lewis*, 8 Ind. App. 40.

While the evidence would seem to us to preponderate quite largely in favor of the appellant, there is no such absolute want of evidence fairly sustaining any material and essential fact as would permit us, under well established rules to overthrow the verdict. *Kelley* v. *Kelley*, 8 Ind. App. 606; *Haines* v. *Porch*, 9 Ind. App. 413.

There has always been recognized a broad distinction between the points of view from which the trial court and the appellate tribunal regard the determination of the jury on controverted questions of fact. By its determination of such questions, the Appellate Court is bound, but not so with the trial court, which has equal opportunities to see the witnesses face to face; judge as to their looks, action, manner of testifying, and all the numerous indicia of truth or falsehood which appear to those participating in the active trial of a cause. Notwithstanding the fact that the difference between the functions of the trial and appellate courts has been frequently declared, it would sometimes seem to be overlooked, and, in the language of the Supreme Court, we

fear that the circuit court oftentimes follows the rule which governs the Supreme and Appellate Courts instead of that which should control the action of the circuit court.

In the circuit court, it should clearly appear that substantial justice has been done by the verdict, or a new trial ought to be granted. *Christy* v. *Holmes*, 57 Ind. 314; *Glover* v. *Stevenson*, 126 Ind. 532.

After the circuit court has approved the verdict of the jury, all presumptions are in its favor in this court, and we are not permitted to interfere unless it clearly appears that substantial justice has not been done.

We can not adjudge the damages excessive in cases of this character unless the amount be so large as to lead to the conclusion that the jury was controlled in its estimate by prejudice, partiality or corruption. *Kelley* v. *Kelley*, *supra*.

Two of the grounds on which a new trial was sought were misconduct of the jury and newly-discovered evidence. Affidavits in support of these causes were filed with the motion, and have been copied into the transcript by the clerk. There has been no effort to bring them into the record, either by bill of exceptions or order of court. Counsel for appellee contend that the affidavits are not thus properly made a part of the record. This position the authorities require us to uphold. *Heltonville, etc., Co.* v. *Fields*, 138 Ind. 58; *Townsend* v. *State*, 132 Ind. 315; *Wood* v. *Crane*, 75 Ind. 207; Elliott's App. Proced., section 817.

Appellant offered to prove his good character as a physician and surgeon in 1893, to rebut, in some degree, the charge of negligence in 1886, when the appellee's arm was broken. The court did not err in refusing this evidence.

We have considered all questions presented by counsel, and can find no sufficient cause for reversal.

Judgment affirmed.

Filed April 11, 1895.