STATE EX REL. WINSLOW *v.* FISHER, CLERK OF COURT, ET AL.

[No. 16,676. Filed November 14, 1941.]

*Charles M. Wells,* of Indianapolis, and *Sam L. Trabue,* of Rushville, for appellant.

*Chauncey W. Duncan,* of Rushville, for appellees.

FLANAGAN, J.—The complaint in this cause alleges that the executor of the last will and testament of Rachel Winslow, deceased, in making final distribution in her estate, paid the distributive share of appellant relator to the then clerk of the Rush Circuit Court for the use and benefit of said relator. That thereafter appellee Robert Dale Fisher became clerk of said court and as such received said funds. That on February 24, 1933, after he had become clerk of said court, appellee Fisher paid said funds to one H. R. Arnold upon presentation by said Arnold of a power of attorney purported to have been executed by relator, authorizing said Arnold to receive the funds.

The complaint further alleges that relator did not execute the power of attorney; that in consideration for a covenant not to sue, he has been paid one half of the amount involved by the bonding company of the notary whose certificate was attached to the purported power of attorney, and seeks recovery of the remaining one half from appellee Fisher and from appellee American Surety Company of New York, as surety on the official bond of Fisher as such clerk.

Appellees filed an answer in five paragraphs, but the only paragraphs involved in this appeal are the first two: (1) An answer of general denial; and (2) an answer of payment.

The issues so formed were tried to a jury which returned a verdict for appellees.

Errors relied upon for reversal are: (1) The overruling of appellant's amended motion for a new trial; (2) the overruling of appellant's motion for the trial court to weigh the evidence before ruling on the amended motion for a new trial; and (3) the failure of the trial court to weigh the evidence before ruling on appellant's amended motion for a new trial.

The reasons assigned by appellant under its amended motion for a new trial are: (1) Error in admitting into evidence the purported power of attorney; (2) the verdict of the jury is not sustained by sufficient evidence; (3) the verdict of the jury is contrary to law; (4) the refusal of the trial court to instruct the jury peremptorily in favor of appellant; (5) giving by the court of its own motion its instructions numbered 1 to 16; and (6) permitting appellees' attorney to state to the jury during argument that appellee Fisher had a right to assume that the purported power of attorney was genuine and to rely thereon, and in refusing to direct the jury to disregard such statement.

The power of attorney in question bore the certificate, seal, and signature of one, Ann Norine Davis, a notary public in and for the city of St. Louis, Missouri, together with the certificate of the clerk of the Circuit Court of St. Louis, Missouri, that she was duly commissioned under the laws of that state.

Appellant claims no defect in the certificate of the notary public, but contends that under § 2-1634, Burns' 1933, § 256, Baldwin's 1934, the notary's certificate merely raises a presumption as to the execution of the instrument, which presumption disappears upon denial under oath; and, appellant having denied the execution under oath, the trial court erred in admitting the power of attorney in evidence without proof of its execution other than the notary's certificate.

The question as to whether an instrument, duly acknowledged before an authorized officer, could be admitted in evidence without further proof of its execution after its execution has been denied under oath, was presented to our Supreme Court in the case of *Krom* v. *Vermillion* (1895), 143 Ind. 75, 41 N. E. 539, and decided adversely to appellant's contention. No error was committed by the trial court in admitting the power of attorney into evidence.

Appellant next contends that even though the power of attorney was properly admitted in evidence, its admission merely raised a presumption as to its execution by relator, which presumption disappeared upon the introduction of evidence to the contrary, leaving no evidence at all from which the jury could find that it was in fact signed by relator. This is the contention advanced under specifications numbered 2, 3, 4, and 5 of appellant's motion for a new trial; on the theory under specifications 2 and 3, that there was no evidence to sustain the verdict, under specification 4, that there being no evidence of the execution of the power of attorney, the court should have instructed the jury peremptorily for appellant; and under specification numbered 5, that appellant being entitled to a peremptory instruction, no other instructions should have been given the jury. No other fault is found with the instructions.

We agree with appellant's contention that the certificate of the notary public merely raises a presumption as to the execution of the instrument, which presumption disappears upon the introduction of evidence to the contrary. See *Kaiser* v. *Happel* (1941), 219 Ind. 27, 36 N. E. (2d) 784; *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1940), 216 Ind. 545, 24 N. E. (2d) 284; *Minardo* v. *State* (1933), 204 Ind. 422, 183 N. E. 548.

But it does not follow that the jury in this case was therefore without evidence as to the signing of the power of attorney by relator. Admittedly genuine signatures were in evidence; and the jury had a right to compare them with the signature on the power of attorney, and from such comparison, together with all the other evidence in the case, determine whether the signature on the power of attorney was genuine. This court cannot weigh conflicting evidence and will not disturb the verdict of a jury where there is some competent evidence to support it. The verdict of the jury in this case is sustained by sufficient evidence, and we find no error under specifications 2, 3, 4, and 5 of appellant's motion for a new trial.

In the course of the argument to the jury, appellees' attorney stated that appellee Fisher had a right to assume that the purported power of attorney involved in this case was genuine and to rely thereon. The trial court overruled a motion by appellant, duly made, to instruct the jury to disregard such statement.

Assuming that appellees' attorney incorrectly stated the law, such conduct would not be cause for reversal. The remedy in such situation is not obtained by objecting to the statement of counsel during the argument, but by asking the court to give the law to the jury in its instructions. *Proctor* v. *DeCamp* (1882), 83 Ind. 559; *Sage* v. *State* (1891), 127 Ind. 15, 29, 26 N. E. 667; *Anderson* v. *State* (1897), 147 Ind. 445, 449, 46 N. E. 901.

During the argument upon appellant's amended motion for a new trial, the court stated to the parties' counsel that "the court, in considering the amended motion for a new trial, could not properly weigh the evidence in said cause for the

reason that said cause had been tried by a jury and that for the court to weigh the evidence would amount to an invasion of the province of the jury." Appellant then moved the court to weigh the evidence before ruling upon said amended motion for a new trial, and this motion was overruled. The bill of exceptions approved by the judge of the trial court then recites that "the court overruled said amended motion for a new trial without weighing the evidence."

Our Supreme Court, in the case of *Christy* v. *Holmes* (1877), 57 Ind. 314, 316, said:

"In the circuit court, it must clearly appear that substantial justice has been done by the verdict, or a new trial should be granted; in the Supreme Court, it must clearly appear that substantial justice has not been done, or the judgment will be affirmed. If each court will constantly remember the rule of law which governs it, and always put it into practical effect, then substantial justice will be done in every case."

In the case of *George H. Hammond & Co.* v. *Schweitzer* (1887), 112 Ind. 246, 249, 13 N. E. 869, that court said:

"This court always presumes that the trial court has exercised its exclusive privilege of passing upon the weight of the testimony, and that, if the verdict had not been supported by the weight of the evidence, the court below would have unhesitatingly set it aside and granted a new trial."

Again, in the case of *The Cincinnati, Hamilton and Indianapolis Railroad Co.* v. *Madden* (1893), 134 Ind. 462, 469, 34 N. E. 227, our Supreme Court said:

"The judge of the trial court has just as good an opportunity and as efficient means of weighing the testimony as the ·jury has. And though the jury are the exclusive judges of the weight of the evidence, that only lasts until their verdict is returned and a motion for a new trial is filed in

which is assigned as a reason therefor that the verdict is not supported by sufficient evidence. Then the trial judge becomes the judge of the weight of the evidence, and if, in his opinion, the preponderance of the evidence is against the verdict so strong that he should have felt compelled to have found the other way, the law makes it his duty to grant the motion for a new trial.

. . .

"This court can not know but that the jury had good and sufficient reasons for discrediting the evidence that conflicted with their finding; and even if it were possible to suppose that the jury had made a mistake in weighing the evidence, the trial judge, we are bound to presume, has calmly and impartially reviewed it, after having heard it all, with the same means of observing the manner and appearance of the witnesses, and all other circumstances of the trial likely to aid in correctly weighing the evidence, and by his action in overruling the motion for a new trial, says in effect to us that he thinks the weight of the evidence justifies the verdict of the jury."

And again in *Cleveland, etc., R. Co.* v. *Baker* (1921), 190 Ind. 633, 637, 128 N. E. 836, that court said:

"It is the duty of the jury in the first instance to consider all the evidence and to determine therefrom the truth as to the facts in controversy. When a motion for a new trial is filed which calls in question the sufficiency of the evidence to sustain the verdict, it then becomes the duty of the trial court to consider and weigh the evidence bearing on the material facts in controversy in view of the same considerations as control the jury in determining the credibility of witnesses and the weight of the evidence. If, after such consideration the trial court is of the opinion that the jury has erred in its conclusion as to a controverted fact which is essential to sustain the verdict, it is the duty of the trial court to correct the error by granting a new trial. This is a duty from which a trial court should not shrink, for the reason that an erroneous finding as to a controverted fact cannot be corrected on appeal."

In the recent case of *Borenstein, Admr.* v. *Uhl* (1939), 107 Ind. App. 67, 74, 20 N. E. (2d) 189, this court said:

> "It was the province of the jury to weigh the evidence in the first instance, and thereafter, upon the filing of a motion for a new trial and before any ruling thereon, this duty was imposed by law upon the trial court."

It is apparent in the instant case that the judge of the trial court did not correctly perform his duty in that he ruled on the motion for a new trial without first weighing the evidence, under the erroneous impression that it was not proper for him to do so even though the insufficiency of the evidence was properly questioned. It is also apparent from the record that had he weighed the evidence, there is a reasonable probability that he might have sustained the motion.

Judgment reversed with instruction to the trial court to reconsider appellant's motion for a new trial, to weigh the evidence before ruling thereon, and for further proceedings consistent with this opinion.

NOTE.—Reported in 37 N. E. (2d) 280.