NEWSOM *v.* PENNSYLVANIA RAILROAD COMPANY ET AL.

[No. 19,356. Filed December 13, 1962.]

C. *William Allen, Berry, Kincade & Allen,* of Terre Haute, for appellant.

*Bernard C. Craig,* of Brazil, for appellee, Chicago & Eastern Illinois Railroad Company.

*George C. Forrey, III, White, Raub & Forrey,* of counsel, of Indianapolis, and *Kenneth C. Miller,* of Brazil, for appellee, Pennsylvania Railroad Company.

Ax, J.—Appellant, plaintiff below, filed her complaint against appellees for alleged personal injuries which she calimed to have suffered when she was

caused to fall on the floor of the Union Station in the City of Terre Haute by reason of the alleged negligence of the appellees in the maintenance of said floor. The cause was submitted to a jury, which returned a verdict in favor of appellant, assessing damages in the amount of $15,000.00, and on which consistent judgment was entered.

Separate motions for new trial were filed by each of said appellees and both motions were sustained by the court which entered the following order:

"The court having heretofore examined the separate motions of defendants for new trial of this action and having heard oral argument thereon and having had said matter under advisement for ruling, now the court being advised sustains the separate motions of defendants for new trial of this action."

From the grainting of the motions for new trial, appellant has appealed, assigning as her only error that the trial court erred in sustaining the separate motions of appellees for a new trial.

In order to establish good practice and to further the orderly administration of justice, this court previously following *Rife* v. *Karns* (1962), 133 Ind. App. 226, 181 N. E. 2d 239 remanded this cause to the trial judge to state in writing his reasons for having sustained the separate motions for new trial. *Newsom* v. *The Pennsylvania Railroad Co. et al.* (1962), 133 Ind. App. 582, 181 N. E. 2d 240.

The trial court complied by filing in this court ten separate reasons for sustaining appellees' separate motions for a new trial. This court must now affirm the order of the trial court granting a new trial, unless we determine that appellant has established to our satisfaction that none of these ten reasons are valid, and that there has been "a plain

abuse of judicial discretion" and also that "flagrant injustice has been done the complaining party" and further that the complaining party has made out "a very strong case for relief." As this court has said many times, unless it appears clearly that "substantial justice has not been done," the judgment of the trial court granting the new trial must be affirmed. In *Topper* v. *Dunn* (1961), 132 Ind. App. 306, 177 N. E. 2d 382, this court affirmed the order of the trial court sustaining a motion for a new trial and held (p. 384):

> "Until the enactment of Chapter 25 of the Acts of 1959, being Burns' §2-3201(b) (1961 Replacement), the sustaining of a motion for a new trial was not available error until the case was retried and a final judgment entered. *Carlson* v. *Roth* (1946), 117 Ind. App. 272, 71 N. E. 2d 579. However, as appellant recognizes, where a new trial is granted the ruling will rarely be reversed.
>
> 'To authorize a reversal of an order granting a new trial, three things must be shown: 1. That there was a plain abuse of judicial discretion. 2. That flagrant injustice has been done the complaining party. 3. A very strong case for relief.' 4 Works' Indiana Practice, Lowe's Revision, §61.140, p. 120.
>
> . . . . . . . . . .
>
> "Appellant further urges that the granting of the new trial resulted in a flagrant case of injustice to the appellant. In respect to such contention, the language of the Supreme Court of Indiana in the case of *Novak, Admx. etc.* v. *Chicago & C. Distr. Tr. Co. et al.* (1956), 235 Ind. 489, 135 N. E. 2d 1, is particularly noteworthy. It is there stated in 235 Ind. at page 497, 135 N. E. 2d at page 5"
>
> '... it is the duty of the trial judge, who also saw the witnesses and heard the evidence from their lips, on proper motion to order a new trial of the cause. This is a duty which the trial judge should exercise with careful deliberation. However, in every case where it does appear,

after considering the conflicts in the testimony and weighing the evidence, that the verdict is against the clear preponderance of the evidence, it is the imperative duty of the trial judge to exercise this prerogative of his office with "firmness for the right," and order a new trial.'

"A new trial having been granted, a much stronger case must be made for the reversal of such ruling than if it had been denied. Substantial justice must appear to have been done in the trial court or a new trial granted. In the appeal it should appear clearly that substantial justice has not been done or the judgment should be affirmed. *Lowry* v. *Indianapolis Traction, etc. Co.* (1921), 77 Ind. App. 138, 126 N. E. 223.

"A careful scrutiny of the record before us fails to reveal that there was a plain abuse of judicial discretion; that a flagrant injustice has been done the complaining party; and that there has been made a very strong case for relief."

The enactment of Chapter 25 of the Act of 1959, being Burns' §2-3201(b), (1946 Replacement) gives a dissatisfied litigant the right of an immediate appeal upon the granting of a motion for new trial.

But this statute does not purport to change these well established principles of law that guide this Court in reviewing orders granting new trials, whether this review takes place immediately or after the second trial.

In the case before us, one of the reasons stated by the trial judge for sustaining the motion for a new trial was that on the question of liability the verdict was contrary to the manifest weight of the evidence. The trial court and not the reviewing court has the duty to weigh the evidence to see if the jury verdict is against the manifest weight of the evidence. An examination of the record in this cause shows conclusively that the trial court

below could and in fact did reasonably determine that the evidence presented by the appellant as to how the accident happened did not support the verdict, and was based not on facts but on conclusions and opinions. This Court has held many times that a decision or finding cannot be based upon mere guess, conjecture, surmise, possibility, or speculation. *Kelly* v. *Davidson, et al.* (1958), 129 Ind. App. 384; *Smith, Executrix* v. *Strock, Executor* (1945), 115 Ind. App. 518, 60 N. E. 2d 157 and cases cited therein.

The evidence relating to the possible liability of the appellees is not so clear and undisputed that this Court can say as a matter of law that the trial court has abused its discretion in granting the motion for a new trial on this issue of liability.

Since it is apparent that the trial judge did not abuse his discretion in having granted the motions for new trial because he concluded that the verdict was contrary to the manifest weight of the evidence and since appellant has failed to convince us otherwise, it is unnecessary for this Court to discuss the nine other reasons given by the trial judge for having granted the new trial.

Judgment affirmed.

Cooper, C. J., Myers, J., concur.

Ryan, J., not participating.

NOTE.—Reported in 186 N. E. 2d 699.