## BAILEY v. KAIN.

[No. 19,562. Filed September 17, 1963. Rehearing denied November 7, 1963. Transfer denied March 3, 1964.]

*McLaughlin & Barker,* of North Judson, and *Kizer & Neu,* of Plymouth, for appellant.

*Paul Reed,* of Knox, for appellee.

HUNTER, J.—This action was filed by the appellee, Iris I. Kain, plaintiff below, against the appellant, William (Bill) Bailey, defendant below, to recover damages for the loss of services of Rosa Mae Bailey, (no relation of appellant), a minor child of appellee, who was killed as a result of an automobile collision in Starke County.

The cause was tried by a jury and the jury found for the appellant (defendant below) and against the appellee (plaintiff below). The trial court entered an appropriate judgment on the verdict of the jury. In due time the appellee (plaintiff below) filed her motion for a new trial.

The trial court sustained the motion for the new trial and entered its judgment on said motion as follows:

"Come now the parties by counsel and the plaintiff's (appellee herein) motion for new trial is presented."

"The court having heard the matter and being duly advised, now sustains the said motion and grants a new trial of this cause."

The appellant in his assignment of errors among other reasons contended that the trial court erred in sustaining appellee's motion for a new trial citing §2-3201, Burns' 1961 Replacement (Cumulative Pocket Part).

(b) "A ruling or order of the court granting a motion for a new trial shall be deemed to be a final judgment and an appeal may be taken therefrom."

Notwithstanding the fact that the appellant (defendant below) made no motion in the court below requesting the trial judge to state in writing his specific reasons for sustaining the appellee's (plaintiff below) motion for a new trial, we nevertheless stated that we were of the opinion that it was necessary that the trial judge do so.

We therefore held that in order to further the orderly administration of justice and to establish good practice this cause should be remanded to the trial court and, accordingly in aid of our appellate jurisdiction, we temporarily held the determination of this cause in abeyance and remanded it to the trial court with instructions. See *Bailey* v. *Kain* (1963), 134 Ind. App. 238, 1 Ind. Dec. 32, 187 N. E. 2d 366.

The trial judge in compliance with said instructions made an entry on the Pulaski Circuit trial court docket and the court's entry was properly certified by the clerk of said court back to this court.

The trial judge's statement contained three reasons for sustaining the appellee's (plaintiff below) motion for a new trial.

Stated reasons filed by the trial judge are as follows:

(1) "Under Specification 1 of the motion for new trial the trial court, after weighing all of the evidence, was and is of the opinion that the verdict of the jury was against the clear preponderance of the evidence, such preponderance of the evidence being in favor of the plaintiff below (appellee) and against the defendant below (appellant). The trial court therefore exercised its prerogative as the thirteenth juror in sustaining the motion for new trial."

(2) "Under Specification 3 the trial court was and is of the opinion that an error was committed by permitting the defendant below (appellant) to ask of the witness Royce Fleener the question, 'Using your past knowledge of damages to automobiles what did this damage indicate to you,' and permitting said witness to answer said question."

(3) "Under Specification 4 of the motion for new trial, the trial court was and is of the opinion that there was error in permitting the defendant below (appellant) to introduce in evidence Defendant's Exhibit A, being a certified copy of the driving case history of Robert Sharpe, certified to by the Indiana Bureau of Motor Vehicles."

If any of the three stated reasons set forth by the trial judge are correct, this court would be duty bound to affirm the lower court's decision. *Newsom* v. *Pennsylvania Railroad Company* (1962), 134 Ind. App. 120, 186 N. E. 2d 699; *Rans* v. *The Pennsylvania Railroad Co.* (1962), 133 Ind. App. 592, 181 N. E. 2d 644.

It therefore becomes the sole duty of this court to examine the record to see if (1) the trial court abused its judicial discretion (2) a flagrant injustice has been done the appellant, or (3) a very strong case for relief from the trial court's ordering a new trial has been made by the appellant. *Newsom* v. *Pennsylvania Railroad Company, supra; Topper* v. *Dunn* (1961), 132 Ind. App. 306, 177 N. E. 2d 382; 4 Works' Indiana Practice, Lowe's Revision, §61.140, p. 120.

With the above rules in mind, we therefore first consider stated reason #1 of the trial judge's stated reasons for sustaining the appellee's (plaintiff below) motion for a new trial.

On consideration of a motion for a new trial, the trial judge has an imperative obligation to weigh the conflicting evidence. *Novak, Admx., etc.* v. *Chi. & C. Dist. Tr. Co. et al.* (1956), 235 Ind. 489, 135 N. E. 2d 1; *Hinds, Executor, etc.* v. *McNair et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553; *State ex rel. Conner* v. *Pritchard, Judge* (1944), 115 Ind. App. 55, 54 N. E. 2d 283 and cases cited at p. 59; *Bell* v. *Bell* (1940), 108 Ind. App. 436, 29 N. E. 2d 358; *Borenstein, Admr.* v. *Uhl* (1939), 107 Ind. App. 67, 20 N. E. 2d 189.

On a motion for a new trial it must clearly appear to the trial judge that substantial justice has been done and, if in his opinion the preponderance of the evidence is against the verdict, it is his duty to grant the new trial. *Christy* v. *Holmes* (1877), 57 Ind. 314; *Glover et al.* v. *Stevenson et al.* (1891), 126 Ind. 532, 26 N. E. 486; *Smith v. Stump, by Next Friend* (1895), 12 Ind. App. 359, 40 N. E. 279; *Monfort* v. *Indianapolis, etc., Traction Co.* (1920), 189 Ind. 683, 128 N. E. 842; *Lowry* v. *Indianapolis*

*Traction, etc., Co.* (1920), 77 Ind. App. 138, 126 N. E. 223; *Novak, Admx., etc.* v. *Chi. & C. Dist. Tr. Co. et al., supra; Hinds, Executor, etc.* v. *McNair, et al., supra; State ex rel. Conner* v. *Pritchard, Judge, supra,* and cases cited at p. 59.

We will be hesitant to overrule a trial court in granting a motion for new trial for the reason that there are strong presumptions in favor of the trial ■ court's action, and it is therefore a sound precedent which dictates that this court should be reluctant to second guess a trial court in granting a motion for new trial. *State ex rel. Conner* v. *Pirtchard, Judge, supra; Indianapolis, etc., Traction Co.* v. *Harrell* (1922), 192 Ind. 188, 134 N. E. 871; *Lewis* v. *The State* (1894), 137 Ind. 344, 36 N. E. 1110; *Novak, Admx., etc.* v. *Chi. & C. Dist. Tr. Co. et al., supra; Powell* v. *Grimes* (1856), 8 Ind. 252; *Cronk* v. *Cole* (1858), 10 Ind. 485; *Leary* v. *Ebert et al.* (1880), 72 Ind. 418; *Topper* v. *Dunn, supra,* and cases too numerous to cite further.

The trial judge is more than a mere umpire; his duties extend beyond the bounds of confining the evidence to the issues and instructing the jury on the law ■ of the case; it was his duty to hear the case along with the jury; he had the opportunity to see and know the jury;[1] he had the duty to observe the witnesses and note the level of their intelligence and wisdom together with their independence or lack of it, their prejudice or lack of it concerning matters about which they testified, and to note their bias or

---

1. "He may know that the particular jury is grossly ignorant and stupid, or that it is bright and capable . . . This same jury is, to us, twelve typewritten names. To us 'Smith,' typewritten, looks just as fair, honest and intelligent as 'Jones.' *Indianapolis, etc., Traction Co.* v. *Harrell, supra; Christy* v. *Holmes, supra,* and cases too numerous to cite.

prejudice, their interest or lack of interest. In short, it was *his duty to keep his eyes and ears open to what was going on during the trial* so that when confronted with a motion for a new trial, he could pass upon the purely legal questions involved in the case, as well as determine the weight and sufficiency of the evidence to sustain the verdict. There are many things the trial judge must take in consideration in determining the weight of conflicting evidence and passing upon the question of the preponderance thereof which make his duty in the first instance entirely different from that of an appellate tribunal as a court of review,[2] for at the appellate level we have only the record and briefs exemplified by the cold type before us. *Hinds, Executor, etc.* v. *McNair et al., supra,* and cases cited. Re trial courts' duty to weigh conflicting evidence, credibility of witnesses, etc., see also *Cleveland, etc., R. Co.* v. *Baker* (1920), 190 Ind. 633, 128 N. E. 836; *The Cincinnati, Hamilton and Indianapolis Railroad Co.* v. *Madden* (1893), 134 Ind. 462, 34 N. E. 227, at p. 469; *State ex rel. Conner* v. *Pritchard, Judge, supra; Christy* v. *Holmes, supra; George H. Hammond & Co.* v. *Schweitzer* (1887), 112 Ind. 246, 13 N. E. 869; *Cleveland, etc., R. Co.* v. *Baker, supra; Borenstein, Admr.* v. *Uhl, supra; State ex rel. Winslow* v. *Fisher, Clerk* (1941), 109 Ind. App. 644, 37 N. E. 2d 280; *Indianapolis, etc., Traction Co.* v. *Harrell, supra; Chicago, etc., R. Co.* v. *Rans* (1927), 86 Ind. App. 300, 154 N. E. 876; *Lewis* v. *The State, supra.*

The appellant contends that the trial court failed to state with particularity its specific reasons for grant-

2. *Novak, Admx., etc.* v. *Chi. & C. Dist. Tr. Co. et al., supra; Hinds, Executor Etc.* v. *McNair et al., supra.*

ing the motion for new trial under stated reason #1 filed herein which reads as follows:

"The trial court, after weighing all of the evidence, was and is of the opinion that the verdict of the jury was against the clear preponderance of the evidence, such preponderance of the evidence being in favor of the plaintiff below (appellee) and against the defendant below (appellant). The trial court therefore exercised its prerogative as the thirteenth juror in sustaining the motion for new trial."

In view of the cases cited hereinbefore, it seems conclusive to this court that stated reason #1 of the trial judge is entirely adequate and meets this court's mandate heretofore issued to state with particularity its specific reasons for granting a motion for new trial. In this case the evidence relative to the material issues is in conflict. Therefore, when confronted with a motion for a new trial in such a case, it is the duty of the trial judge to insure that substantial justice is done by the verdict of the jury. The duty thus imposed as stated hereinbefore requires that the judge attentively review, consider and weigh the evidence presented during the trial. Such a mandate places upon him (the trial judge) the duty of observing and noting all of the indicia of truth and falsehood surrounding the witnesses at the trial together with all of the surrounding circumstances about which they testified and thereupon to determine the credibility of the various witnesses and the weight to be accorded their testimony. All of such factors must conscientiously occupy the judge's attention on a motion for a new trial and he should exercise them with 'careful deliberation'[3] in his determination of the question of the pre-

3. *Novak, Admx., etc.* v. *Chi. & C. Dist. Tr. Co. et al., supra.*

ponderance of the evidence, and if in the judge's opinion, the evidence preponderated against the verdict of the jury it is his imperative duty to grant a new trial for the party seeking such relief. This is a duty the trial judge should face conscientiously and unflinchingly, 'with firmness for the right' and without fear or favor. *Novak, Admx., etc.* v. *Chi. & C. Dist. Tr. Co. et al., supra; Topper* v. *Dunn, supra.*

Further, it must be said that the duties evolving upon the trial judge when invoked by consideration of a motion for a new trial do in fact and law constitute him a thirteenth juror. Our case law in Indiana re the duty and responsibility of the trial court in such instances is paralleled by the case law governing the federal trial courts and in analogous situations the federal trial judge sits as the 'thirteenth juror'.[4]

The appellant in his brief states that by the enactment of the Acts of 1959, ch. 25, §2-3201 (b), Burns' 1961 Replacement, *supra,* providing for an appeal directly from the granting of a new trial, the legislature *intended that the rules of law governing a trial court in directing a verdict* would also apply to the trial court's determination of a motion for a new trial. In other words, the appellant is asking this court to supply an *omission* in order to effect a legislative intendment.

It seems to this court that such an omission from the language of the statute is a *casus omissus* which is defined:

"A case omitted; an event or contingency for which no provision is made; particularly a case not pro-

---

4. 2 Villanova Law Review 323; *U. S.* v. *Parelius* (1949), 83 F. Supp. 617; *United States* v. *Robinson* (1947), 71 F. Supp. 9; *Applebaum* v. *United States* (1921), 274 F. 43-46.

vided for by the statute on the general subject, and which is therefore left to be governed by the common law." Black's Law Dictionary Fourth Edition, pp. 275-276; Webster's New International Dictionary Second Edition Unabridged, p. 420; 14 C. J. S., p. 33.

"A 'casus omissus' is a case omitted from language of statute which appears to have been omitted by inadvertence or because it was overlooked or unforeseen, and a case is omitted from language of statute when it is not contained within literal or contextual meaning of such language or cannot be fairly implied therefrom." Words and Phrases Permanent Edition Volume 6 (1963) Cumulative Annual Pocket Part, p. 117; *Crewse* v. *Beeler*, 212 S. W. 2d 39, 51, 186 Tenn. 475; *Putnam County* v. *State*, 186 N. Y. S. 2d 944, 948, 17 Misc. 2d 541.

The Supreme Court of the United States has held re the Anti Injunction Act " . . . in making no provision for a surety on the bond required of a complainant seeking a temporary or permanent injunction in a labor dispute, exhibits a 'casus omissus' which court cannot supply by judicial construction." *Isolantite, Inc.* v. *United Electrical, Radio and Machine Workers of America, C. I. O.*, 29 A. 2d 183, 188, 132 N. J. Eq. 613; *United States ex rel. Coy* v. *United States, Ky.*, 62 S. Ct. 1137, 1138, 316 U. S. 342, 86 L. Ed. 1517, as quoted in Words and Phrases Permanent Edition Volume 6 (1963), Cumulative Annual Pocket Part, p. 117, see also:[5]

"That which the legislature has omitted through oversight, inadvertence or otherwise is a *casus omissus* and falls within the legal maxim of "Casus Omissus Pro Omisso Habendus Est.," (a case

---

5. "A 'casus omissus,' can in no case be supplied by a court of law, for that would be to make laws." *Estes* v. *Terrell*, 92 S. W. 407, 409, 99 Tex. 622.

omitted is to be held as intentionally omitted).
Traynor Legal Maxims, 67.

Such omission cannot be effected by the courts through
the guise of judicial interpretation. 50 Am. Jur., Statutes
§369, p. 375. Such a legal rule of guidance for trial
courts if it is believed to be desirable must be effected
by amendment by the legislature, we, however for rea-
sons expressed elsewhere in this opinion, are not per-
suaded that such a change is necessary or desirable.[6]

It has also been suggested that since the verdict of
the jury was a negative verdict in favor of the appel-
lant that the sufficiency of the evidence to sup-
port it may not be raised in trial court by a
motion for a new trial and thereby appellant
challenges the trial judge's right to rule that the pre-
ponderance of the evidence was in favor of the plain-
tiff. We believe the learned counsel for the appellant
has confused the office of a motion for a new trial in
the trial court with that of an assignment of error at
the appellate level.[7] As stated hereinbefore it is the
clear and plain duty of the trial court to see that
'substantial justice has been done'. This duty is not a
protection for defendants alone but is a duty which
must be exercised in the interest of all parties in court
and a negative verdict has special significance *only*
when subjected to a challenge on the insufficiency of
the evidence to support it where (1) a motion for new
trial has been denied, and (2) the appeal therefrom is

6. "It is not the function of a court to ingraft on a statute
additions which . . . the legislature . . . might . . . have made."
. . . "In such case, the consequences, can only be . . . effected
by the legislature, and not by judicial action . . ." 50 Am. Jur.,
Statutes, §369, p. 375, *supra*.

7. *Hinds, Executor Etc.* v. *McNair et al., supra; Monfort* v.
*Indianapolis, etc., Traction Co., supra;* and numerous other cases
not listed here.

brought by the party aggrieved by such denial to an appellate tribunal for review by a proper assignment of error. *The Western Union Telegraph Company* v. *Kilpatrick* (1884), 97 Ind. 42; *Hust* v. *Conn* (1859), 12 Ind. 257; *The Cleveland, Cincinnati, Chicago and St. Louis Ry. Co.* v. *Davis* (1894), 10 Ind. App. 342, 36 N. E. 778; *Topper* v. *Dunn, supra.* Therefore, we hold that in the trial court's consideration of a motion for a new trial, the negative verdict will stand or fall as any other verdict.

The landmark case in Indiana respecting the duties of the trial courts and appellate courts is the case of *Christy* v. *Holmes, supra.* At the risk of being repetitious we deem it advisable to quote the exact language from that case which has stood unchallenged for more than four score and six years. It pertinently demonstrates our courts' respective duties and is set forth as follows:

"It should always be kept in mind, that the rule which governs a circuit court in deciding a motion for a new trial, upon the ground that the verdict is not sustained by sufficient evidence, is very different from the rule which governs the Supreme Court in deciding the same question, when brought before it by appeal. The circuit court presides over the case, knows with what ability or animus it is prosecuted or defended, has the jury and their conduct before it, sees the witnesses, their looks and manners, hears their statements, and knows whether willingly or reluctantly made; in short, sees the actual trial from its beginning and throughout its progress to the end, with all the indices (indicia) of truth and falsehood before it, from all of which it may judge the question and decide.

An appellate court, (tribunal) which is merely a court of error, has nothing of the case before it except the record, in which the words of one witness mean just the same as the same words of another

witness; when, perhaps, if the witnesses were seen while they testified, their manner noted, their living voices heard, their intelligence or ignorance of the subject about which they were testifying perceived, one might be entitled to full credit, and the other to not the least. And the living jurors, which come to us merely as so many names, are all before the circuit court, their intelligence or ignorance of the subject they are trying, their conduct or fairness as to prejudice or independence, and many signs of truth and falsehood which can not possibly be put into a record; and when the question has passed the ordeal of all these tests in the circuit court, and a new trial has been denied, the decision comes before us with so many presumptions in its favor that it is almost impossible to obtain a reversal of the judgment under the judicial rule by which we are bound. If, then, there is any evidence to support the verdict, we can not reverse the judgment,[8] because we must suppose it was that evidence which convinced the jury and the court, and the evidence which contradicted it was not credible, and therefore disregarded.

It sometimes appears to us that the circuit court ought to have granted a new trial, when we can not judicially reverse the case; and sometimes we fear that the circuit court follows the rule which governs the Supreme Court, instead of the rule which should govern the circuit court.

In the circuit court, it must clearly appear that substantial justice has been done by the verdict, or a new trial should be granted; in the Supreme Court, it must clearly appear that substantial justice has not been done, or the judgment should be affirmed. If each court will constantly remember the rule of law which governs it, and always put it into practical effect, then substantial justice will be done in every case."

We agree with the logic therein expressed.

---

8. *Hinds, Executor Etc.* v. *McNair, et al., supra; Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669; see also cases listed under point 5, p. 529.

The warp and woof of the fabric of our judicial system which guarantee all citizens equal justice under the law depend upon the maintenance of a pattern of judicial responsibility, restraint, and an absolute and conscientious adherence to the rules governing our judicial tribunals at each level. The structure of our judicial system rests upon the solid foundation of our trial courts at every level of government. The keystone of justice in our system is the trial court, thus if it is to be accomplished under the law, it must be attained first at the trial court level. If the trial courts and the appellate tribunals will remain steadfast to the rules governing their respective duties and functions, substantial justice will be done insofar as human agencies are capable of its accomplishment.[9]

The power of the trial judge to examine the whole case with a view toward securing a result not merely legal, but which also manifests justice, is a power not in derogation of the right to trial by jury as urged by the appellant; quite the contrary, is one of the historic safeguards of that right. This power, if exercised in pursuance of sound judicial discretion, is a power without which our jury system might become a capricious, fickle and intolerable tyranny under which no system of jurisprudence in a free society could long survive.

A careful search of the record and briefs of the appellant fails to positively demonstrate that (1) the trial court abused its judicial discretion, (2) a flagrant injustice has been done the appellant, or (3) a very strong case has been made for relief from the trial court's ordering a new trial.

9. "The only method yet devised by man to assure that justice is administered in the greatest number of cases, is for the courts to follow time tested principles and rules of the law and not shy away from them when confronted with what might seem 'hard cases' to some." *Hinds, Executor Etc.* v. *McNair et al., supra.*

Having reached the conclusions herein with respect to the first stated reason of the trial judge, we do not need to consider the second and third stated reasons.

Finding no error on the part of the trial court in sustaining the motion for new trial, the judgment ordering a new trial is therefore affirmed.

Mote, C. J., Carson, P. J., Clements, Cooper, Kelley, Pfaff and Ryan, JJ., concur.

NOTE.—Reported in 192 N. E. 2d 486.