## STAZINSKI v. NEW YORK CENTRAL R. R. CO.

[No. 20,271. Remanded to trial court March 18, 1966. Filed October 13, 1966. Rehearing denied December 5, 1966. Transfer denied January 24, 1967.]

*Saul I. Ruman, Sachs, Ruman, Tanasijevich, Smith & Donnersberger, Charles Daugherty* and *William J. Regan,* all of Hammond, for appellant.

*Richard O. Olson,* of Chicago, Illinois, *Owen W. Crumpacker, Harold Abrahamson, Richard P. Komyatte,* and *Crumpacker & Abrahamson,* all of Hammond, for appellee.

### OPINION ON REMAND

CARSON, J.—This case comes to us on appeal from the Circuit Court of Jasper County from a ruling by the court sustaining the defendant's motion for new trial.

From an examination of the reasons stated by the trial court for granting said motion for new trial we conclude that it does not meet the requirements set out by this court in the case of *Bailey* v. *Kain* (1963), 135 Ind. App. 657, 192 N. E. 2d 486, transfer denied.

Therefore in order to further orderly administration of justice this cause is remanded to the trial court and, accordingly in aid of Appellate jurisdiction we hold further determination of this cause in abeyance and instruct the trial court to specify in writing with particularity its reasons for granting the motion for new trial with such return to be made within the ensuing next thirty days. Upon the entry of said statement by the trial court, the Clerk of said court shall forthwith enter the same in the proper Order Book and certify a copy thereof with appropriate Clerk's Certificate, to the Clerk of this court. Said statement, so certified as aforesaid, when received by the Clerk of this court, shall be and become a part of the record in this cause with the same force and effect as if contained in the original transcript hereof on the date of submission.

Prime, C. J., and Faulconer, J., concur.

Wickens, J., not participating.

OPINION ON MERITS

CARSON, J.—This appeal involves an accident between an automobile driven by William Stazinski, father of plaintiff-appellant, and a train operated by defendant-appellee at a public railroad crossing in Gary, Indiana. Plaintiff-appellant alleged four acts of negligence in that the defendant-appellee operated its train:

(1) At a high and dangerous rate of speed, to wit: sixty (60) miles per hour.

(2) Without proper warning of its approach, either by lowering gates, a crossing attendant, flashers, bells, or whistles.

(3) Without maintaining proper control of the train.

(4) Without maintaining a proper lookout for vehicles crossing the railroad tracks which resulted in bodily injury to the plaintiff-appellant.

By defendant-appellee's tendered instructions given by the court to the jury, the court limited plaintiff-appellant's grounds for recovery to the negligent operation by defendant-appellee of the flasher signals at the railroad crossing at which the accident occurred.

The record discloses that among the instructions given by the trial court were defendant's Instructions No. 14 & No. 15, which reads as follows:

## DEFENDANT'S INSTRUCTION NO. 14

"The Court instructs you that the plaintiff's complaint alleges and the evidence shows that there were flasher lights and bell signals located at the crossing of the defendant's tracks and Broadway Avenue in the City of Gary, Indiana. The Court instructs you that there was no duty on the part of the defendant railroad to provide another or different type of crossing protection at this intersection.

"The Court instructs you that the mere fact that the flasher light located at the intersection of Broadway and the defendant's railroad track may have failed to operate, if you find that they so failed to operate, such failure of the lights to operate is not of and in itself negligence on the part of the defendant New York Central Railroad Company. Before the defendant New York Central Railroad Company can be found negligent for the failure of such flasher lights to operate, if you find that such flasher lights failed to operate, you must first find that the defendant New York Central Railroad Company failed to use reasonable care in some particular in failing to maintain, repair, or inspect the signals. In other words, the defendant New York Central Railroad cannot be held liable if the flasher lights located at the intersection failed to operate unless it failed to use due care in maintaining, repairing or inspecting the signals and such failure to use due care was the proximate cause of the plaintiff's injuries."

## DEFENDANT'S INSTRUCTION NO. 15

"Before the defendant New York Central Railroad Company can be found to be negligent for the failure of the flasher lights located at the intersection of Broadway and its railroad tracks in Gary, Indiana, to work, you must first find that the defendant New York Central Railroad Company knew or in the exercise of reasonable care should have known that the flasher lights located at the intersection were not operating properly.

"The Court instructs you that if the flasher lights located at the intersection failed to operate without fault on the part of the defendant New York Central Railroad Company and that the defendant railroad company did not know, or in the exercise of reasonable care could not have known, that the flasher lights were not operating properly, then the defendant New York Central Railroad Company cannot be held liable for negligence by reason of the failure of such flasher lights to operate, if they did so fail to operate."

While there were objections by the plaintiff-appellant to these two instructions at the trial, said objections have not been perfected in this appeal.

After trial by jury, verdict was for the plaintiff-appellant, upon which the court rendered consistent judgment.

At the conclusion of the case, interrogatories were submitted to the jury and attention is directed particularly to Interrogatory No. 5 which reads as follows: "Was the flasher light on the north side of the railroad track in operation at 9:30 A.M. on April 5, 1961?" To this interrogatory the jury answered, "Yes."

Defendant-appellee moved for a new trial on December 28, 1962. A new trial was granted on June 9, 1964; the reasons for granting the new trial were not set forth by the trial judge. An appeal was perfected to this court by plaintiff-appellant; the errors assigned all deal with the granting of the motion for a new trial and the reasons for granting said motion.

This court, on March 18, 1966, ordered that the final determination of this case be held in abeyance and that the

same be temporarily remanded to the trial court with instructions to the court to enter upon the trial docket a statement setting forth with particularity the specific reasons upon which the decision to sustain the motion for a new trial was predicated. See *Strazinski* v. *New York Central Railroad* (1966), 214 N. E. 2d 799.

The reasons given by the trial judge for granting the motion for a new trial are as follows:

(1) The verdict is not sustained by sufficient evidence.

(2) The verdict is contrary to law.

(3) Error of law at the trial in overruling defendant's motion for directed verdict.

(4) Inconsistency between an answer to an interrogatory and the general verdict.

The procedure generally followed by this court in reviewing the granting of a motion for new trial has been stated in the case of *Bailey* v. *Kain* (1963), 135 Ind. App. 657, p. 661, 192 N. E. 2d 486. Transfer denied March 3, 1964.

> *"If any of the . . . stated reasons set forth by the trial judge are correct, this court would be duty bound to affirm the lower court's decision.* (our emphasis) *Newsom* v. *Pennsylvania Railroad Company* (1962), 134 Ind. App. 120, 186 N. E. 2d 699; *Rans* v. *The Pennsylvania Railroad Co.* (1962), 133 Ind. App. 592, 181 N. E. 2d 644."

> "It therefore becomes the sole duty of this court to examine the record to see if (1) the trial court abused its judicial discretion (2) a flagrant injustice has been done the appellant, or (3) a very strong case for relief from the trial court's ordering a new trial has been made by the appellant. *Newson* v. *Pennsylvania Railroad Company, supra; Topper* v. *Dunn* (1961), 132 Ind. App. 306, 177 N. E. 2d 382; 4 Works' Indiana Practice, Lowe's Revision, § 61.140, p. 120."

It appears to us that Instruction No. 14 limited the issue of negligence on the part of defendant-appellee to the ques-

tion whether or not the railroad was guilty of failure to use due care in maintaining, repairing, and inspecting the signals at the crossing in question. Instruction No. 15 further qualified the issue of defendant's negligence by adding an element of knowledge, actual or constructive, to make the negligence chargeable. While there was conflicting evidence whether the flasher was in operation at the time of the accident, there was testimony that the signals had been inspected at 9:15 A.M. on the morning of the accident by employees of the Nickle Plate Railroad with which the appellee had an agreement for maintenance of the signals at the crossing in question. This question having been submitted to the jury and having been answered in such a manner as to indicate that the flasher was in operation at 9:30 A. M. on the morning of the accident, it appears that the issue of knowledge was resolved in favor of the defendant-appellee and we therefore find that the general verdict of the jury for plaintiff-appellant was contrary to law and we further find that the trial court was correct in sustaining the motion for new trial.

Appellant urges the application of the doctrine of *res ipsa loquitur* in this case on the authority of *New York, C. & S. L. R. Co.* v. *Henderson* (1952), 237 Ind. 456, 146 N. E. 2d 531, 147 N. E. 2d 237. While *res ipsa* was applied in the Henderson case which involved a similar factual situation, the duty was upon plaintiff-appellant to raise it in the case at bar. The case at bar was tried under the older view of the law as expressed in *Lake Erie & W. R. Co.* v. *Howarth* (1920), 73 Ind. App. 454, 481; 124 N. E. 687, 127 N. E. 804 which requires the element of knowledge, actual or constructive, to make the negligence of the railroad chargeable. Appellant cannot on appeal approach the case upon a theory different from the one relied upon at the trial. *Midwest Oil Co.* v. *Storey* (1963), 134 App. 137, 178 N. E. 2d 468, 1 I. L. E., Appeals § 74.

The judgment of the trial court in granting the motion for new trial is therefore affirmed.

Judgment affirmed.

Wickens, P. J. not participating.

Faulconer and Prime, JJ., concur.

NOTE.—Opinion on Remand Reported in 214 N. E. 2d 799. Opinion on the Merits Reported in 220 N. E. 2d 537.