## WOOD *v.* GASSENSMITH

[No. 368A31. Filed November 20, 1968. No Petition for Rehearing filed.]

*Louis L. Anderson,* of South Bend, for appellant.

*Roland Obenchain, Jr.,* of South Bend, for appellee.

CARSON, C. J.—This cause was commenced on November 7, 1962, in the St. Joseph Superior Court, by plaintiff-appellant, Vita Wood, for the recovery of medical expenses and loss of services of a minor son. It is alleged that the boy was a victim of an automobile-pedestrian collision which occurred in South Bend, Indiana, on November 27, 1960. The issues were formed by plaintiff-appellant's complaint and defendant-appellee's answer. A jury was impaneled and trial finally began on June 29, 1967. The jury returned a verdict for the plaintiff in the sum of Seventeen Thousand ($17,000.00) Dollars and pursuant thereto, the court entered consistent judgment on July 5, 1967. Defendant-appellee filed her motion for a new trial, which the court sustained on December 15, 1967.

Plaintiff-appellant appeals to this court from the sustaining of defendant-appellee's motion for a new trial, pursuant to the Acts of 1959, ch. 25, § 1, p. 75; being Burns' Anno. Stat. (1968 Replacement), § 2-3201.

The transcript and assignment of errors were filed in the Office of the Clerk of the Supreme and Appellate Courts on June 11, 1968. The appeal was fully briefed and distributed to this court on August 6, 1968, and we heard oral argument of counsel on October 17, 1968.

Plaintiff-appellant assigns as error, that the court erred in sustaining defendant-appellee's motion for a new trial, which motion specifies the following alleged errors:

"A. The damages assessed by the jury are excessive.

"B. The jury's verdict is not sustained by sufficient evidence.

"C. The jury's verdict is contrary to law.

"D. The court erred in refusing to admit into evidence Section 25-86 of the South Bend Municipal Code (Code 1949, Ch. 29, Sec. 88.) as follows:

'It shall be unlawful for any pedestrian to cross any street or highway within the city, except at a marked or unmarked crosswalk.'

"E. The court erred in refusing to give defendant's tendered instructions as follows:" (defendant, here, sets forth four (4) instructions which the court refused)*

"F. The court erred in overruling defendant's motion to withdraw issues at the close of all the evidence as follows:" (defendant, here, sets forth the text of his motions)*

"G. The court erred in giving plaintiff's tendered instructions over defendant's objections as follows:" (defendant, here, sets forth instructions given by the court which were tendered by the plaintiff and objections thereto)*

*NOTE: As these alleged errors are not material to our decision in this cause, we deem it sufficient to summarize same.

The court, in sustaining appellee's motion for a new trial, listed four (4) reasons:

"1. Under Specification "A" of defendant's motion for a new trial, the Trial Court, after weighing all the evidence was and is of the opinion that the verdict of the jury was excessive in that there was no evidence of probative value upon which the jury could base a judgment for the amount of $17,000.00.

"2. Under Specification "B" of defendant's motion for a new trial, the Trial Court, after weighing all of the evidence, was and is of the opinion that the verdict of the jury was against the fair preponderance of the evidence, such preponderance of the evidence being in favor of the defendant and against the plaintiff on the liability of the defendant for the injuries to plaintiff's child.

"3. Under Specification "E" of the defendant's motion for a new trial, the Trial Court was and is of the opinion that there was error in giving plaintiff's requested Instruction No. 6 in that there was no evidence presented to show the reasonable value of any future medical expenses and there was no proof presented to show what services, if any, the plaintiff's son performed for her and what services if any, he could not perform during the period of his disability.

"4. Further, under Specification "E" of defendant's motion for a new trial, the Court erred in giving plaintiff's requested Instruction No. 9, in that there was no evidence presented at the trial of this cause which would make this provision of Indiana Law applicable, and there was no evidence which would indicate that there was any violation of such statute, and if said statute was violated, there was no evidence which would show any casual [sic] relation between such violation and the collision between defendant's motor vehicle and the plaintiff's son."

It is appellant's initial contention that the three (3) alleged errors relied upon by the court, as exemplified in its reasons for granting appellee's motion for a new trial, were improperly specified in the motion and that the court therefore erred in considering same. Appellant's contention in this respect may be best set forth in counsel's own phraseology:

"The Trial Court gave as his reasons for granting the motion these three specifications of error which were improperly assigned in the motion.

"The first ground was that the verdict was excessive. This was a property damage suit brought by a parent for medical, hospitalization expenses and loss of services of her child.

"This error should have been assigned under the ground, 'Error in the assessment of recovery, whether too large or too small, where the action is upon a contract or for detention of property'.

"The second reason given by the Court for granting the motion was based on the ground that the jury's verdict was not sustained by sufficient evidence and that the verdict of the jury was against the fair preponderance of the evidence. A memorandum stating specifically wherein such evidence is insufficient is required. The appellees waived this ground under the Supreme Court Rules by not filing the memorandum.

"The next reason given by the Court for granting the motion was error in giving appellant's Instruction No. 6. Again this error was set forth in the motion for a new trial, but the instruction deals only with the questions of recovery and since the appellee did not properly assign the amount of recovery as being a ground for the motion for a new trial, this specification of error was waived."

In support of the above proposition, appellant cites decisions of this court and our Supreme Court. As each decision cited by appellant was rendered upon an appeal from the overruling of a motion for a new trial, they are not authority for the contention herein advanced.

The appellate tribunals of this state have often held that where an appellant appeals from the overruling of a motion for a new trial, those alleged errors, not properly specified, are deemed waived and will not be considered on appeal. *Hahn et al. v. Moore* (1956), 127 Ind. App. 149, 133 N. E. 2d 900; *New York Central Railroad Co. v. Sarich* (1962), 133 Ind. App. 516, 180 N. E. 2d 388; *Conrad v. Hansen* (1908), 171 Ind. 43, 85 N. E 710.

These decision are, in each instance, the product of an underlying rationale, which in turn, is based upon certain well-recognized principles: that counsel are officers of the court and are duty-bound to assist the court; that is is incumbent upon counsel for appellant, in his motion for a new trial, to specifically point out wherein he feels the court has committed error in the trial of a cause; that the office of the motion for a new trial is to permit the trial court to review the trial of a cause and to have an opportunity to correct error; that the motion for a new trial is appellant's complaint in the appellate tribunal and when taken in conjunction with appellant's assignment of errors, serves to form the issues on appeal; and finally, that there is a strong presumption in favor of the trial court's determination and it is incumbent upon appellant to show reversible error. The epitome of appellant's obligation for specificity is Acts of 1881 (Spec. Sess.), ch. 38, § 420, p. 240; being Burns' Anno. Stats. (1968 Replacement), § 2-2401; wherein the legislature has set forth the outline to be used in a motion for a new trial.

Therefore, where a party fails to properly specify contended error in a motion for a new trial and the trial court

overrules the motion, we must assume that the court was not properly appraised of the party's contention and consequently, we have refused to consider, on appeal, those contentions of which the trial court was not appraised.

Where the court has sustained a party's motion for a new trial, as in the case before us, the foregoing rationale leads us to a different result. The presumption in favor of the court's ruling is still implemented. *Bailey v. Kain* (1963), 135 Ind. App. 657, 192 N. E. 2d 486. However, the trial court was herein presented with defendant-appellee's motion for a new trial, which, by expressly stated reasons, within its discretion, it saw fit to sustain. In such instance, we must assume that the court was properly appraised and we are thereby precluded from ruling as appellant contends, that the improper specifications were waived.

We will not consider appellant's contention that the court erred in sustaining appellee's motion for a new trial. The guidelines for our consideration of this assignment were succinctly stated by this court in *Bailey v. Kain, supra,* at page 488:

"If any of the three stated reasons set forth by the trial judge are correct, this court would be duty bound to affirm the lower court's decision. *Newsom v. Pennsylvania Railroad Company* (1962), 134 Ind. App. 120, 186 N. E. 2d 699; *Rans v. Pennsylvania Railroad Co.* (1962), 133 Ind. App. 592, 181 N. E. 2d 644, 184 N. E. 2d 37.

"It therefore becomes the sole duty of this court to examine the record to see if (1) the trial court abused its judicial discretion (2) a flagrant injustice has been done the appellant, or (3) a very strong case for relief from the trial court's ordering a new trial has been made by the appellant. *Newsom v. Pennsylvania Railroad Company, supra; Topper v. Dunn* (1961), 132 Ind. App. 306, 177 N. E. 2d 382; 4 Works' Indiana Practice, Lowe's Revision, § 61.140, p. 120."

The court below, in its reason No. 2, *supra,* stated that after weighing the evidence, it was of the opinion that the

fair preponderance of the evidence was in favor of the defendant on the question of liability.

After a careful search of the record and briefs of counsel, we are of the firm conviction that the trial court properly exercised its judicial prerogative as a thirteenth juror, in sustaining defendant-appellee's motion for a new trial. Appellant has failed to show wherein a flagrant injustice has been done. Further, we cannot find a showing that appellant is entitled to relief. We, therefore, conclude that the decision of the St. Joseph Superior Court in sustaining defendant-appellee's motion for a new trial, should be affirmed. The cause is hereby remanded for a new trial.

Judgment affirmed.

Cooper, J., concurs.

Faulconer, J., dissents without opinion.

Prime, J., concurs in result only.

NOTE.—Reported in 241 N. E. 2d 884.