HELEN NOWLING *v.* DOYLE AKERS.

[No. 371A45. Filed November 3, 1971. Rehearing denied December 3, 1971. Transfer denied February 1, 1972.]

*John M. Lewis,* of Seymour, for appellant.

*John P. Price, Thomas J. Carroll, Hamill, Price & Carroll,* of Indianapolis, for appellee.

SHARP, J.—This case was brought by the Plaintiff-Appellant, Helen Nowling, against the Defendant-Appellee, Doyle Akers, to establish the paternity of a child born October 7, 1968. The case was tried to a jury wich rendered a verdict in favor of the Appellant.

The Appellee filed his motion to correct errors asserting that he was not adequately represented by trial counsel because of the failure to call certain available witnesses. (Appellee's trial counsel and present appellant counsel are not the same.) The Appellee also made other assertions of error which are not presented here on appeal and are waived. Appellate Rule 8.3.

The trial court granted Appellee's motion to correct errors and granted Appellee a new trial. The sole reason stated for granting a new trial was:

> "Defendant at the trial of this cause was not fully and adequately represented by counsel, and that certain witnesses that were material to the defense of Defendant were not called and that Defendant, because of said facts, did not have a fair and full trial in said cause and that said error cannot be corrected except by granting a new trial."

We are limited to a consideration of the reasons stated by the trial court for granting the new trial. *Landers* v. *McComb,* 145 Ind. App. 38, 248 N. E. 2d 358 (1969). If any one of the reasons stated by the trial court for granting a new trial is correct, the granting of the new trial will be affirmed on appeal. *Moore* v. *Berry Refining Co.,* 145 Ind. App. 92, 248 N. E. 2d 398 (1969).

In this case, the Appellee filed an affidavit of the members of the jury with reference to their verdict in this case. This

practice has been strongly condemned by our Supreme Court in *Wilson* v. *State*, 253 Ind. 585, 255 N. E. 2d 817 (1970), and by this court in *Jessop* v. *Werner Transportation Company,* 147 Ind. App. 408, 261 N. E. 2d 598 (1970). We renew our condemnation of such practice. If the trial court's decision were based on such an improper affidavit, we would not hesitate to reverse this case.

However, the Appellee filed an extensive affidavit with his motion for new trial in regard to the failure of his trial counsel to subpoena witnesses and to secure evidence. This was properly before the trial court for its consideration.

A trial court's granting of a new trial will be reversed on appeal only where (1) the trial court abused its judicial discretion, (2) a flagrant injustice has been done the Appellant, or (3) a very strong case for relief from the trial court's ordering a new trial has been made by the Appellant. *Griffith* v. *Mathew,* 141 Ind. App. 462, 229 N. E. 2d 654 (1967) and *Moore* v. *Berry Refining Co., et al.,* 145 Ind. App. 92, 248 N. E. 2d 398 (1969).

The precise grounds stated by the trial judge here for granting a new trial has not been previously considered in this state, but we deem it within ambit of the trial judge's authority as defined by our case law.

In *Griffith, supra,* and in *Bailey* v. *Kain,* 135 Ind. App. 657, 192 N. E. 2d 486 (1964), this court stated that the underlying consideration in granting a new trial was the doing of substantial justice. Also, there is a strong presumption in favor of the trial court's action and this court is reluctant to second guess the trial court in granting a new trial. *Bailey* v. *Kain* imposes upon the trial judge the keeping of his eyes and ears open to what goes on during a trial. This unique responsibility of the trial court is well stated by Judge Hunter in *Bailey* v. *Kain,* 135 Ind. App. 657, 671, 192 N. E. 2d 486, 492:

"The warp and woof of the fabric of our judicial system which guarantee all citizens equal justice under the law depend upon the maintenance of a pattern of judicial responsibility, restraint, and an absolute and conscientious adherence to the rules governing our judicial tribunals at each level. The structure of our judicial system rests upon the solid foundation of our trial courts at every level of government. The keystone of justice in our system is the trial court, thus if it is to be accomplished under the law, it must be attained first at the trial court level. If the trial courts and the appellate tribunals will remain steadfast to the rules governing their respective duties and functions, substantial justice will be done insofar as human agencies are capable of its accomplishment.

"The power of the trial judge to examine the whole case with a view toward securing a result not merely legal, but which also manifests justice, is a power not in derogation of the right to trial by jury as urged by the appellant; quite the contrary, is one of the historic safeguards of the right. This power, if exercised in pursuance of sound judicial discretion, is a power without which our jury system might become a capricious, fickle and intolerable tyranny under which no system of jurisprudence in a free society could long survive."

The determination of the question of the competency of Defendant's counsel was one which the trial court was in a unique position to determine. With the assertions in the Appellee's affidavit regarding the conduct of his trial counsel before it, the trial court had a right and duty to consider what it heard and saw during the trial in determining the adequacy of the representation of the Appellee. Trial judges should exercise great restraint in second guessing the performance and trial tactics of counsel. This case is certainly not intended to encourage them to do otherwise. However, when the question is squarely presented as it is here, and the trial court determines that justice has not been done in a particular case, we should likewise restrain ourselves from substituting our judgment for the one below. We will refrain from such in this case.

The trial judge acted within his authority in this case, and we hereby affirm his action in granting a new trial.

Judgment affirmed.

Hoffman, C. J., Staton and White, JJ., concur.

NOTE.—Reported in 274 N. E. 2d 546.