VIRGINIA ROSE *v.* VERL MILES.

[No. 472A203. Filed November 16, 1972. Rehearing denied January 29, 1973. Transfer denied May 23, 1973.]

*Jerrald A. Crowell, Bowman, Crowell & Swihart,* of Fort Wayne, for appellant.

*John D. Widaman, Widaman, Bowser & Reed,* of Warsaw, for appellee.

SHARP, J.—This case was brought by the Appellant, Virginia Rose, against the Appellee, Verl Miles, on May 28, 1971 to establish paternity of a child born to the Appellant on February 1, 1971. (The Appellant had earlier filed an action against another man to establish the paternity of this same child but that action was dismissed when that man was excluded by blood tests.) This case was tried to the merits before a jury which rendered a verdict for the Appellee denying the relief requested by the Appellant.

We will discuss here the only issue raised in the Appellant's Motion to Correct Errors which is argued here. The Appellant has expressly limited herself to this sole issue.

The Appellant here asserts that the trial court abused its discretion in overruling the Appellant's Motion to Correct Errors because of the inadequate representation of Appellant's trial counsel. (Appellant's trial counsel is not one and the same as Appellant counsel.)

The Appellant places key reliance upon the case of *Nowling* v. *Akers* (1971), 149 Ind. App. 645, 274 N.E.2d 546, where we affirmed the trial court's granting of a new trial on the basis of inadequate counsel of a defendant in a paternity case. At 274 N.E.2d 548 the Appellate Court stated the underlying basis for its decision:

> "The determination of the question of the competency of Defendant's counsel was one which the trial court was in a unique position to determine. With the assertions in the Appellee's affidavit regarding the conduct of his trial counsel before it, the trial court had a right and duty to consider what it heard and saw during the trial in determining the adequacy of the representation of the Appellee. Trial judges

should exercise great restraint in second guessing the performance and trial tactics of counsel. This case is certainly not intended to encourage them to do otherwise. However, when the question is squarely presented as it is here, and the trial court determines that justice has not been done in a particular case, we should likewise restrain ourselves from substituting our judgment for the one below. We will refrain from such in this case."

In this case an experienced trial judge obviously exercised great restraint in second guessing the performance and tactics of Appellant's trial counsel. Implicit in this decision of the trial judge was a determination that justice was done in this case. This action of the trial court was within its discretion just as the action of the trial judge was within its dscretion in *Nowling* v. *Akers*.

As in *Nowling* v. *Akers* we restrain ourselves from substituting our judgment for that of the trial judge who observed the conduct, demeanor and tactics of the parties and their trial counsel.

With affidavits and by reference to the record Appellant here makes an artful presentation that Appellant's trial counsel could have presented her case to the trial court and jury in a more persuasive light. In doing so the Appellant here has the omniscience of hindsight. Looking at the record in the light most favorable to the verdict, the salient fact stands out that the jury had a major question of credibility to determine. The Appellant asserted that Appellee had intercourse with her once on May 15, 1970. The Appellee categorically denied this or any other act of intercourse with the Appellant. The jury rendered a verdict against the party having the burden of proof. The trial court here as in *Nowling* v. *Akers* was in a unique position to observe and perceive the entire proceedings, including the conduct of the parties and their counsel. We were not there. Therefore, we will not substitute our judgment for that of the trial court. Nothing in *Nowling* v. *Akers* compels us to do so. In fact, the action of the trial court is well within the letter and spirit of *Nowling* v. *Akers*.

We, therefore, affirm the decision of the trial court.

Affirmed.

NOTE.—Reported at 288 N.E.2d 779.