In re the Marriage of Warren S. EYTCHISON, Appellant–Petitioner,

v.

Marcia K. (Eytchison) BURGESS, Appellee–Respondent.

No. 48A02–9108–CV–327.

Court of Appeals of Indiana, Third District.

Nov. 26, 1991.

Jon R. Pactor, Indianapolis, for appellant-petitioner.

Mitchell P. Chabraja, Anderson, for appellee-respondent.

HOFFMAN, Judge.

Appellant-petitioner Warren S. Eytchison appeals the trial court's grant of appellee-respondent Marcia K. Burgess's motion to dismiss.

The facts relevant to this appeal disclose that on May 8, 1986, the Madison Superior Court, Division Three, dissolved the marriage of Marcia and Warren Eytchison. The court found that there were three children born of the marriage: Mary Eva, Warren Steven, and Donna Pearl. Marcia Burgess (formerly Eytchison) was awarded custody, and Warren Eytchison was ordered to pay child support and granted visitation rights.

On June 19, 1990, Warren filed a petition to determine legitimacy in the Madison Superior Court, Division Two. He brought his petition under IND.CODE § 31–1–11.5–5, but later amended his petition on July 10, 1990, substituting IND.CODE § 31–7–8–3 for IND.CODE § 31–1–11.5–5. Marcia filed her motion to dismiss on July 11, 1990.

■ The petition to determine legitimacy was transferred from Madison Superior Court, Division Two, to Madison Superior Court, Division Three, under the cause number of the dissolution action. The trial court then held a hearing on Marcia's motion to dismiss on April 4, 1991. On April 9, 1991, the trial court dismissed Warren's petition finding that the petition "is not specific as required by 31–7–8–3 of the Indiana Code." The court also found that "laches would bar the determination of legitimacy at this time."

Two issues raised by Warren are dispositive of this appeal:

(1) whether the trial court erred in dismissing the petition; and

(2) whether a new hearing should be granted due to the incompetency of Warren's trial counsel.

Warren brought his petition to determine legitimacy under IND.CODE § 31–7–8–3 (1988 Ed.). This statute is contained in Article 7 of Title 31 which governs marriage. Chapter 8 of this article pertains to the legitimacy of children to a marriage.

This particular statute deals with persons "interested in establishing whether a child was born in wedlock." Although this is the statute under which Warren brings his petition, clearly this does not govern the relief for which Warren is requesting. Warren appears not to be requesting the court to decide whether the children were born in wedlock but to establish paternity. This issue was previously determined by the trial court in the dissolution action for which the trial court entered a final decree stating that "there were three (3) children born of the marriage, namely Mary Eva Jean Eytchison, Warren Steven Eytchison, Jr., and Donna Pearl Eytchison." At no time during the pendency of the dissolution of marriage petition did Warren ever raise a question of paternity. Therefore, the trial court established Warren as the father of the children in the final decree. Warren cannot now collaterally attack this finding. *Brownsing v. Brownsing* (1987), Ind.App., 512 N.E.2d 878. Since Warren failed to state a claim for which relief could be granted, the trial court did not err in dismissing the petition.

■ This Court notes that even if Warren had actually been requesting the court to determine whether the children were born in wedlock, Warren did not comply with the statute in filing his petition. The statute requires the petitioner to "set forth the facts concerning the child's birth" in the petition. IND.CODE § 31–7–8–3(a). Warren did not specify any facts surrounding the birth of any of his children.

Warren likens his case to *Fairrow v. Fairrow* (1990), Ind., 559 N.E.2d 597. In *Fairrow*, the husband discovered that he was not the father of the child eleven years after the dissolution decree had been rendered ordering him to pay child support. However, Fairrow did not attempt to collaterally attack the judgment. Fairrow filed an Ind. Trial Rule 60(B)(8) motion alleging that he had discovered conclusive medical evidence that he could not be the child's father. Between ten and eleven years after the dissolution decree had been rendered, the child began to show symptons of

sickle cell anemia. At that time, Fairrow was tested for the sickle cell trait. However, the test results were negative. Since the child's mother also had tested negative for the sickle cell trait, Fairrow discovered that it was impossible for him to be the father. In terminating Fairrow's child support obligation, the Supreme Court stated:

"Although we grant Joe [Fairrow] relief, we stress that that (sic) the gene testing results which gave rise to the prima facie case for relief in this situation became available independently of court action. In granting relief to a party who learned of his non-parenthood through the course of ordinary medical care, we do not intend to create a new tactical nuclear weapon for divorce combatants. One who comes into court to challenge a support order on the basis of non-paternity without externally obtained clear medical proof should be rejected as outside the equitable discretion of the trial court. In sum, we strongly discourage relitigation of support issues through T.R. 60(B)(8) motions in the absence of highly unusual evidence akin to the evidence presented in this case."

*Id.* at 600.

Warren contends that since his attorney failed to file a T.R. 60(B)(8) motion, as done in *Fairrow*, this Court should find that his counsel was incompetent and order a new hearing. However, not only is there no indication that Warren possesses highly unusual evidence akin to the *Fairrow* case, there is no indication that Warren possesses any evidence at all negating paternity. Therefore, even if Warren's counsel was incompetent in his representation of Warren, this Court will not order a hearing on paternity.[1]

Affirmed.

GARRARD and ROBERTSON, JJ., concur.

---

1. It is not necessary for this Court to review     whether incompetency or negligence of counsel

could be grounds for reversal in a civil case, since Warren is not entitled to a new hearing under the circumstances. *See Jackson v. Russell* (1986), Ind.App., 498 N.E.2d 22; *In re Marriage of Ford* (1984), Ind.App., 470 N.E.2d 357; *Nowling v. Akers* (1971), 149 Ind.App. 645, 274 N.E.2d 546.